In the Matter of RODOLFO " CC ",* Respondent, v. SUSAN " CC ",* Appellant.— Appeal from an order of the Family Court, Albany County, awarding custody of Robert " CC "* to the respondent. Appellant, the holder of a degree in psychology and now a caseworker for the Albany County Department of Welfare, and respondent, a physician, were married on November 14, 1961 and on May 15, 1962 Robert " CC "*, the sole issue of that marriage was born. In August, 1966 appellant and respondent separated and on May 29, 1968 were divorced. Pursuant to the divorce decree sole custody of Robert was awarded to appellant with liberal visitation rights provided for the respondent. Following their separation in 1966 the parties exhibited no disharmony as to Robert's upbringing. However, on December 6, 1969 respondent remarried and shortly thereafter disputes arose as to Robert's place of schooling, his religious education, his personal cleanliness and the quality of his home life with appellant culminating in the instant proceeding. After a hearing the Family Court removed Robert from appellant's custody and awarded respondent custody. The instant appeal then ensued. The sole concern here, of course, is Robert's welfare (Domestic Relations Law, § 70; *Matter of Bachman* v. *Mejias,* 1 N Y 2d 575, 581). Here Robert has resided with his mother since birth and a change of custody under such circumstances should only be directed where the custodial parent has been "shown to be unfit, or perhaps less fit, to continue to serve as the proper custodian ". (*Matter of Lang* v. *Lang,* 9 A D 2d 401, 409, affd. 7 N Y 2d 1029; *Matter of Metz* v. *Morley,* 29 A D 2d 462, 464–465.) Custody should be established on a long term basis whenever possible (*Matter of Wout* v. *Wout,* 32 A D 2d 709, 710; *Matter of Lang* v. *Lang, supra,* p. 409) and changes in established custody made only on the demonstration of a sufficient change in circumstances to show a real need to effect a change to insure the welfare of the child. Such, in our opinion, is not the case here. Sweeping aside here the factually spurious issues of Robert's place of schooling and appellant's refusal to agree to his receiving Catholic religious training, the sole complaints of any real substance lodged against appellant's care of Robert are that he was not kept clean and that male visitors frequented appellant's apartment while Robert was present. The cleanliness issue alone is not sufficient cause to affect custody for, as the Family Court allegedly took judicial notice, all eight-year-old boys get dirty and there is no indication that he habitually remained so. In fact, there is no real showing that appellant did not give Robert adequate care or otherwise neglected his upbringing. Rather the record indicates that Robert was an emotionally balanced, well developed, happy child. As for appellant's moral conduct, while there is proof that men on occasion remained overnight in appellant's apartment while Robert was present and with his apparent knowledge, there is no showing that appellant was guilty of such gross moral turpitude as would render her unfit for custody particularly since there is no showing that such conduct was actually affecting Robert's upbringing (see *People ex rel. Geismar* v. *Geismar,* 184 Misc. 897; see, also, Boardman New York Family Law § 276). Accordingly, we find the evidence in the instant record insufficient to warrant removing Robert from appellant's custody and the order appealed from should

* Fictitious name.

therefore be reversed and the petition denied. Order reversed, on the law and the facts, and the petition denied, without costs. Reynolds, J. P., Greenblott, Cooke, Sweeney and Simons, JJ., concur.