■ LEE OPFERBECK, Appellant, v LOIS OPFERBECK, Respondent.—Judgment unanimously affirmed, without costs. Memorandum: Plaintiff husband has been granted a divorce in this action from defendant wife based upon: (1) their living apart for one year under the terms of a separation agreement; (2) the cruel and inhuman treatment by defendant towards plaintiff; and (3) defendant's adultery. The court incorporated the separation agreement in the judgment. By the terms of that agreement, custody of the two children, now ages eight and seven, was given to the wife, with the father to have visitation privileges as agreed by the parties; the husband was to pay $50 per week for support of the children. The husband contends that the court erred in granting custody to the wife, in failing to modify the support provisions of the agreement and in certain procedural matters arising during the trial. In a proceeding involving two natural parents, custody of children is to be determined solely by what is in the best interests of the child (Domestic Relations Law, § 240), and the disposition of the trial court should not be reversed in the absence of manifest error or abuse of discretion *(People ex rel. Destasio v Perruzza,* 277 App Div 996). Moreover, when children have been living with one parent for a long period of time and the parties have previously agreed upon custody in that parent, that custody should be continued unless it is demonstrated that the custodial parent is unfit or at least less fit than the noncustodial parent *(Papernik v Papernik,* 55 AD2d 846; *Nierenberg v Nierenberg,* 43 AD2d 717). The main thrust of the husband's argument in this appeal is that the wife is a promiscuous woman and that her affairs are having an adverse effect on the children (see *Papernik v Papernik, supra; Feldman v Feldman,* 45 AD2d 320; *Matter of Rodolfo "CC" v Susan "CC",* 37 AD2d 657). The evidence accepted by the trial court does not support this contention, and we accept the trial court's determination that custody should be continued with the wife. It is apparent from this record that both parents love these children and that the children are affectionate towards both parents. While the living arrangements with the wife have been less than perfect because of the long and late hours the wife works, the children apparently have adapted to the routine and by all the testimony are happy and well-adjusted children. The wife has now worked out an arrangement with her mother and father to help care for the children at their nearby farm while she works, which should remove many of the objectionable features arising because of the necessity to hire babysitters. We find no error in the court's evidentiary rulings or its decision not to interview the children (see *Matter of Lincoln v Lincoln,* 24 NY2d 270, 274), nor do we find error in the failure to obtain probation or medical reports. The record contains ample evidence of the living conditions of the children, and from all accounts neither the parents nor children displayed any emotional or psychological problems requiring the court to obtain the assistance of experts. Finally, it was not error for the court to refuse to modify in the husband's favor the separation agreement provisions re support. While the court may always make such provisions for support of children "as justice requires" (see *Riemer v Riemer,* 31 AD2d 482, affd 31 NY2d 881), the record contains no evidence to warrant a reduction in support payments. (Appeal from judgment of Erie Supreme Court—divorce.) Present—Marsh, P. J., Moule, Simons, Dillon and Witmer, JJ.