■ PINE HILL CONCRETE MIX CORP., Respondent, v MURRAY LEINWAND et al., Appellants.—Judgment unanimously affirmed, with costs. Memorandum: The evidence presented a question of fact for the court, sitting without a jury, as to whether defendants owed to M & T Construction Company (M & T) an amount in excess of M & T's indebtedness to plaintiff. It is apparent that the court treated the assignment as security for such indebtedness, and hence did not award to plaintiff the full amount which plaintiff claimed was owing by defendants to M & T. Since plaintiff is not cross-appealing, there is no basis for us to disturb the judgment. (Appeal from judgment of Erie Supreme Court—materials furnished, etc.) Present—Marsh, P. J., Cardamone, Hancock, Jr., Denman and Witmer, JJ.

■ CARL E. BECKER, Respondent, v JEANNE M. BALL, Appellant.—Order unanimously affirmed, without costs. Memorandum: In a custody proceeding arising out of a dispute between divorced parents, the paramount concern of the court is and must be the welfare and best interests of the child. Further, whenever possible, custody of children should be established on a long-term basis. "Children should not be shuttled back and forth between divorced parents merely because of changes in marital status, economic circumstances or improvements in moral or psychological adjustment, at least so long as the custodial parent has not been shown to be unfit, or perhaps less fit, to continue as the proper custodian" (see Obey v Degling, 37 NY2d 768, 770); especially where, as here, under a separation agreement incorporated into their divorce decree, the parties agreed that the custody of this child, then under eight months old, should be with the husband, under the care of his parents (see, Papernik v Papernik, 55 AD2d 846). We find under the circumstances present in this case that the Family Court did not abuse its discretion in refusing to modify the custodial arrangements contained in the judgment of divorce. We do note that the wife has made great progress since the divorce towards achieving emotional stability and maturity and the ability to provide a good home for her daughter, and we rule only, as did Family Court, that it would not be in the best interests of the child to modify the custody provisions at this time. (Appeal from order of Wyoming County Family Court—custody.) Present—Marsh, P. J., Moule, Cardamone, Denman and Witmer, JJ.