■ In the Matter of FRANCES STALEY, Respondent, v KIRBY N. STALEY, Appellant.—Appeal from an order of the Family Court of Clinton County, entered January 16, 1979, which granted custody of the parties' two children to respondent and ordered appellant to pay $75 per week in support payments to the Clinton County Support Collection Unit. Married in New York State in 1970, appellant father and respondent mother subsequently moved to Pennsylvania and two children were born of their union. In June of 1978, appellant moved out of the family apartment, and the following August respondent moved permanently to Saranac, New York, with the children. With these circumstances prevailing, respondent commenced the instant custody proceeding in the Family Court of Clinton County in October of 1978, and because she was a recipient of public assistance, in November of 1978 the Clinton County Department of Social Services instituted a Uniform Support of Dependents Law proceeding against appellant in Chester County, Pennsylvania, where he resides. Following a hearing held on December 20, 1978 in Clinton County Family Court on the custody petition at which the court also inquired as to the financial status of appellant and his ability to make support payments, the court granted temporary custody of the children to respondent with a rehearing scheduled for the summer of 1979 and also determined that appellant should make support payments of $75 per week to the Clinton County Collection Unit. Thereafter, on December 20, 1978, a hearing was held in the Pennsylvania proceeding after which appellant was directed to pay weekly support of $40, and appellant ultimately appealed the New York order and moved for a stay of said order pending the appeal. By order signed March 29, 1979, Presiding Justice Mahoney of this court granted the requested stay provided that appellant made weekly support payments of $40 pending the appeal, and this appeal has ensued. Initially, we find no error in the Family Court's grant of temporary custody of the children to respondent. The Family Court has broad discretionary power in determining who shall have custody of minor children, and where, as here, the evidence indicates and it is uncontested that both parties are fit parents, the court's determination of this issue should not be disturbed (cf. *Matter of Arcarese v Monachino,* 58 AD2d 1030, mot for lv to app den 42 NY2d 810). As for the court's direction that appellant make weekly support payments of $75, however, we reach a contrary result. Not only was Clinton County not a proper venue for a support proceeding (Family Ct Act, § 421), but no support petition was ever filed with the Family Court, with the result that the parties were not adequately prepared on this issue at the hearing and there was insufficient evidentiary support to justify the $75 weekly payments (cf. *Matter of Eagen v Bolden,* 51 AD2d 1017). Additionally, and very significantly, the Pennsylvania support proceeding was already pending at the time of the Family Court hearing so as to make consideration of the support question by the Family Court unwarranted and unnecessary (cf. *Vanneck v Vanneck,* 68 AD2d 591). Under all of these circumstances the Family Court order that appellant pay support of $75 weekly should not be sustained. Order modified, on the law, by reversing so much thereof as ordered appellant to pay $75 per week in support payments to the Clinton County Support Collection Unit, and, as so modified, affirmed, without costs. Sweeney, J. P., Kane, Main, Mikoll and Herlihy, JJ., concur.