■ In the Matter of KATHLEEN A. MILLER, Appellant, v PAUL V. MILLER, Respondent.—Appeal from an order of the Family Court of Tioga County, entered January 18, 1979, which awarded custody of the parties' infant child to respondent. The parties finally separated in October of 1977, at which time it appears the petitioner agreed that their infant son, born April 23, 1969, should remain with the respondent. However, petitioner testified that the agreement was only for temporary custody and that respondent had agreed to turn over custody to her when she had made suitable living arrangements. By January 1, 1978, petitioner had obtained what she deemed sufficient living arrangements and, upon the refusal of the respondent to give her general custody of the infant, she commenced this proceeding. It should be noted that the respondent did not deny visitation and the

infant has been spending weekends with petitioner. The petitioner contends that the award of custody to the respondent "was an abuse of discretion, was contrary to the overwhelming weight of the evidence and was not in the best interests of [the infant]". The hearing held in this matter revealed what might be considered as character defects on the part of both parties as to their past lives. However, it appeared that the parties had both so ordered their present circumstances that custody in either parent would not actually be harmful to the infant, but that the petitioner failed to demonstrate that the father respondent, as custodial parent, is unfit or less fit than the child's mother. The court concluded that the respondent "can provide adequate accommodations and care, and he can best protect and preserve his health, welfare, education, well-being and happiness, on a long term basis." Such findings are supported by evidence that the respondent is taking an active interest and role in the infant's education and physical development, such as sports, as well as cultural pursuits, such as music. Further, respondent has a modest financial stability provided by an armed services veteran's pension. In sustaining the findings, we would note that although neither parent has a prima facie right to custody, such standard, while appropriate in a situation where both parties have shared custody, has not been applied to cases where the parents have been separated for some length of time and the child has been mostly in the custody of only one of the parents (*People ex rel. William "BBB" v Kathryn "CCC"*, 44 AD2d 617). Under such circumstances, it is established that a change in custody should only be directed where the custodial parent has been "shown to be unfit, or perhaps less fit, to continue to serve as the proper custodian" (44 AD2d 617; see, also, *Matter of Rodelfo "CC" v Susan "CC"*, 37 AD2d 657; *Matter of Lang v Lang*, 9 AD2d 401, 409, affd 7 NY2d 1029). Thus, custody should be established on a long-term basis wherever possible and "changes in established custody made only on the demonstration of a sufficient change in circumstances to show a real need to effect a change to insure the welfare of the child" (*People ex rel. William "BBB" v Kathryn "CCC"*, supra, pp 617-618, *supra*). Upon the record as a whole, the petitioner has not demonstrated any legal error and the award of custody is not against the weight of the evidence as to the best interests of the infant. Order affirmed, without costs. Mahoney, P. J., Sweeney, Main, Casey and Herlihy, JJ., concur.