(February 26, 1980)

■ YOLANDA ANDREWS, Respondent, v THOMAS A. ANDREWS, Appellant. —Judgment, Supreme Court, New York County, entered August 3, 1979, which, *inter alia,* awarded custody of the child to the plaintiff and directed the visitation of the child with the defendant for one month during the child's summer vacation, modified, in the exercise of discretion, by directing that summer visitation be given to defendant for one half the child's summer vacation, and, as modified, affirmed, without costs. The law is clear that there shall be no prima facie right to the custody of a child in either parent (Domestic Relations Law, §§ 70, 240). There is an indication in Special Term's decision that outdated principles of "maternal superiority" may have influenced its determination in awarding custody of the child to the plaintiff. Clearly, this portion of Special Term's judgment cannot be sustained upon those principles. However, Special Term also stated in its decision that custody must be awarded in accordance with the best interests of the child. As is our power and duty *(Harrington v Harrington,* 290 NY 126), we have independently examined the record to determine whether the best interests of the child are being served by placing her in the custody of the plaintiff. The evidence supports Special Term's conclusion that both parents are fit custodians of the child. The proof also shows that the child has been fatigued during her attendance in school as a result of her "midweek sleepovers" in defendant's residence. Hence, we agree with Special Term that this disruptive practice must be stopped since it endangers the child's physical and emotional well being and development (cf. *Soto v Soto,* 57 AD2d 818). The defendant is presently a partner in a prominent New York City law firm. From necessity, he must spend many and irregular hours in pursuit of his profession. The plaintiff, on the other hand, is presently an assistant to the paperback editor of the *Sunday Times Book Review.* While plaintiff's position is also a very demanding one, the record indicates that she will regularly be able to devote more time during the week to the care and upbringing of the child. For this reason, we find that Special Term's award of custody to the plaintiff was in the best interest of the child, and thus, correct. In one area, we believe that more liberal visitation privileges should have been granted to the defendant. Special Term should have directed that the child spend one half of her summer vacation with the defendant. We find no merit to the other issues raised on this appeal. Concur—Murphy, P. J., Ross, Markewich and Lynch, JJ.

Kupferman, J., dissents in part in a memorandum as follows: The parties of their own volition arranged to share custody of their child. Other than the contention of weekday morning fatigue, there is no allegation or evidence which would substantiate a change in the arrangement. The child would spend Monday and Thursday with the mother, Tuesday and Wednesday with the father, with the weekend and holidays alternated between the parties. The conclusion that the fatigue is the result of sleepovers in the defendant father's residence is purely intuitive. Further, the conclusion that a partner in a prominent New York City law firm would not have time available to care for a child is chauvinistic and entirely speculative. I see no basis whatever in this record or in the majority opinion for changing the relationship which the parties themselves instituted. (See "Is Joint Custody Good for Children?", by Georgia Dullea, *New York Times Magazine,* Sunday, Feb. 2, 1980, p 32 *et seq.;* Roman and Haddad, The Disposable Parent, The Case for Joint Custody.)