■ In the Matter of CLAYTON FOUNTAIN, Respondent, v ANN M. FOUNTAIN, Appellant. — Appeal from an order of the Family Court of Franklin County (Plumadore, J.), entered January 28, 1980, which awarded custody of the parties' infant children to petitioner. The order of the Family Court should be affirmed. That court found that it would be counter to the best interests of the children to uproot the "stable custody" of the father, particularly in view of the good care they were receiving in his household, and awarded custody of the two children of the marriage, Jeffrey, age 7, and Carrissa May, age 4, to him. The record supports the findings of the Family Court. There is no prima facie right to custody of the children in either parent (Domestic Relations Law, § 70). A presumption of "maternal superiority" is now considered to be outdated *(Andrews v Andrews,* 74 AD2d 546). Where two or more siblings are involved, there is a strong policy of keeping them together to promote "familial bonds" *(Obey v Degling,* 37 NY2d 768, 771). And, in situations where a child has been living with one parent for an extended period of time, there is usually a policy against shifting custody to the other parent *(Aberbach v Aberbach,* 33 NY2d 592; see *Matter of Miller v Miller,* 74 AD2d 663, 664). Moreover, custody should only be changed if the advantages of the change greatly outweigh the advantages of continuity and stability *(Matter of Bennett v Jeffreys,* 40 NY2d 543, 550). Family Court determined that both parties are "fit" parents, capable of providing suitable homes for the children, and went on to make its determination based on a consideration of the foregoing principles. That decision should not be disturbed on this record. We find no error in Family Court's failure to award visitation rights to the noncustodial parent since no request therefor was made in the proceedings below. If the parents have not or cannot arrive at a mutually agreeable visitation schedule, respondent is free to petition Family Court for an order granting visitation. Order affirmed, without costs. Kane,

J. P., Main, Mikoll and Yesawich, Jr., JJ., concur; Herlihy, J., dissents and votes to reverse in the following memorandum.

Herlihy, J. (dissenting). It would seem to require a supreme sophistication to find that petitioner is as "fit" as respondent to exercise the responsibility of custody of these infants. On a petition filed only nine months after petitioner had violently assaulted respondent, threatened to kill himself with a gun then in his immediate possession, and threatened either his wife or harm to himself with a knife in his immediate possession — all in the presence or hearing of his children — he is found "fit". The foregoing is not meant to disparage petitioner who may well now be rehabilitated. However, it is intended to focus upon the basis for changing custody from respondent to petitioner, based principally upon petitioner's resort to abducting the children from respondent. Admittedly, the reason this petitioner took the children from respondent was because respondent had written him and asked for help supporting the children. Upon the present record, any finding that the best interest of the children supports custody in petitioner is a fiction for hopefully continuing custody in petitioner's mother and petitioner's other relatives with whom he currently resides. This record leaves little doubt as to respondent being fit and petitioner being unstable and unwilling to contribute to the support of his children. The order should be reversed and the petition denied, with custody granted to respondent.