■ In the Matter of the Custody of ANTHONY P., and Another, Infants. NEW YORK FOUNDLING HOSPITAL, Respondent; FRANCINE P., Appellant, and NEW YORK CITY COMMISSIONER OF SOCIAL SERVICES, Respondent. — Appeal from an order of the Family Court (Getzels, J.), entered December 3, 1979, granting application of New York Foundling Hospital to retain custody of appellant's children, held in abeyance and the matter remanded to the Family Court, without costs and without disbursements (1) to determine whether the subsequent order of the Family Court has rendered this proceeding moot; and (2) if it be determined that the prodeeding is not moot, to make findings and conclusions. In either event, report is to be made by the Family Court to this court. In this proceeding by Francine P., the appellant, to regain custody of her two children, the Family Court authorized the New York Foundling Hospital to retain custody of the children. The order of the Family Court does not indicate whether such custody is to be permanent or for a limited period. We are informed by the brief of the New York Foundling Hospital that subsequent to the filing of this appeal, the foster care status of the children was reviewed and on August 11, 1981, some 20 months after the entry of the order appealed from, an order was entered continuing the foster care status of the children for the statutory period of 18 months. It may well be that the August 11, 1981 order has mooted the issue sought to be reviewed on this appeal. Since those papers are not before us we remand this issue to the Family Court to determine whether this proceeding has been mooted by the subsequent determination. We are constrained to note that here there has been no compliance with the direction of CPLR 4213 (subd [b]) which requires that the decision of the court "shall state the facts it deems essential". We are aware that where the proof has been fully developed the failure of the trial court to make such findings empowers this court to do so *(Matter of Arcarese v Monachino,* 58 AD2d 1030). Nevertheless, since issues of credibility are involved we feel that we should have the benefit of the view of the trier of the fact. Accordingly, we direct that if it be determined that this proceeding has not been mooted by the subsequent order of August 11, 1981, findings and conclusions be made by the trial court. This appeal is, therefore, held in abeyance pending a report by the Family Court on whether this proceeding is now moot and, if not, pending receipt of the trial court's findings and conclusions. Concur — Birns, J. P., Ross, Silverman, Bloom and Fein, JJ.