■ JACQUELINE CLARKE, Respondent, v WILLIAM J. CLARKE, Appellant. — Appeal from an order of the Family Court of Broome County (Dickinson, Jr., J.), entered April 7, 1983, which, *inter alia,* provided that the primary residence of the parties' child would continue with plaintiff. ¶ The sole issue in this case is whether that portion of Family Court's order awarding physical custody of the parties' five-year-old son to plaintiff mother subject to defendant father's visitation rights should be disturbed. We think not and affirm. We do not liken the actions of plaintiff in taking the child to New Hampshire to child snatching (cf. *Matter of Nehra v Uhlar,* 43 NY2d 242), since plaintiff neither concealed the location of herself and the child from defendant nor denied him access to the child. Defendant's reliance upon *Entwistle v Entwistle* (61 AD2d 380), *Courten v Courten* (92 AD2d 579) and *Daghir v Daghir* (82 AD2d 191, affd 56 NY2d 938) is misplaced, since the factual situations in those cases clearly differ from the circumstances in the instant action in which there has been neither concealment nor denial of access to the child. Moreover, plaintiff has not violated any court order, either temporary or permanent. The rationale of the cases relied upon by defendant, in which custody has been decided by a court order, cannot be extended to the instant situation. Since the primary

consideration in child custody cases is the best interest of the child (Domestic Relations Law, § 70; *Friederwitzer v Friederwitzer,* 55 NY2d 89, 93), we cannot say upon this record that the court erred in its decision. Furthermore, we should not substitute our evaluation of the subjective factors for that of Family Court (*Eschbach v Eschbach,* 56 NY2d 167, 173-174), especially since the parties had initially stipulated to plaintiff's temporary custody subject to defendant's visitation rights, and subsequently agreed that custody would be joint. ¶ Nor are we persuaded by defendant's argument that Family Court's decision is flawed for failure to state facts deemed essential to its result (see CPLR 4213, subd [b]; Family Ct Act, § 165). This court recently stated in *Giordano v Giordano* (93 AD2d 310) that " '[w]hile the court need not set forth evidentiary facts, it must state ultimate facts: that is, those facts upon which the rights and liabilities of the parties depend' " (*id.,* at p 311, quoting *Matter of Jose L. I.,* 46 NY2d 1024, 1025-1026). In our opinion, the decision in this case sets forth the facts required to comply with the established criteria (see *Matter of Jones v Jones,* 92 AD2d 632). ¶ We also fail to find sufficient reason present to disturb a long-standing custodial arrangement (*Matter of Fountain v Fountain,* 83 AD2d 694, affd 55 NY2d 838), especially since defendant had agreed to essentially the same arrangement previously. Absent changed circumstances, he should not now be heard to complain (*People ex rel. Selbert v Selbert,* 60 AD2d 692, 693). Finally, we find substantial evidence in this record to support the decision. The child's daily regimen with his mother in New Hampshire is neither harmful to him nor detrimental to his relationship with defendant. ¶ Order affirmed, without costs. Mahoney, P. J., Kane, Weiss, Mikoll and Yesawich, Jr., JJ., concur.