■ In the Matter of EUGENE MOON, Appellant, v JOYCE MOON, Respondent.—Main, J. P. Appeal from an order of the Family Court of Tompkins County (Barrett, J.), entered February 15, 1985, which denied petitioner's application, in a proceeding pursuant to Family Court Act article 6, to modify a previous order awarding custody of the parties' minor child to respondent.

The parties, who were married in 1974, separated in 1979. Respondent petitioned for custody of their only child in 1983 and, after petitioner failed to oppose the petition, Family Court awarded custody of the child to respondent. The parties were divorced in 1984, after which petitioner commenced the instant proceeding seeking to be awarded sole custody of the child. After a hearing at which petitioner attempted to show that respondent was unfit by virtue of, *inter alia,* her close association with a man with a violent and criminal past, Family Court determined that no modification of the earlier custody order was warranted. This appeal ensued.

We affirm. The primary consideration in child custody cases is the best interest of the child *(Friederwitzer v Friederwitzer,* 55 NY2d 89, 93; *Clarke v Clarke,* 101 AD2d 911-912). In resolving the issue of what custody arrangement would be in the child's best interest, a court must consider several factors, including the relative fitness of each parent, the length of time that the present custody arrangement has been in place, the child's own desires, and the need for stability in the child's life *(see, Friederwitzer v Friederwitzer, supra,* p 94). The weighing of these factors necessarily "requires an evaluation of the testimony, character and sincerity of all the parties" *Eschbach v Eschbach,* 56 NY2d 167, 173), and the trial court's finding in such regard is to be accorded the greatest respect *(see, Matter of Yeo v Cornaire,* 91 AD2d 1153, 1154, *affd* 59 NY2d 875). We should not substitute our evaluation of the aforementioned subjective factors for that of the trial court *(see, Clarke v Clarke, supra,* p 912).

Here, Family Court found that respondent's testimony was more credible than that of petitioner, that respondent had not been shown to be an unfit parent, that the child was healthy and well adjusted, and that respondent had been the child's primary caretaker for most of the child's life. The record supports these conclusions, and the ultimate determination that the child should remain in respondent's care and custody was well within the court's range of discretion *(see, Matter of Gotham v Gotham,* 102 AD2d 981, 982; *see also, Matter of Fountain v Fountain,* 83 AD2d 694, *affd* 55 NY2d 838).

Finally, we note the conspicuous absence of the Law Guardian's recommendation in this case. A Law Guardian was duly appointed and properly participated in the proceedings and, as a reviewing court, we should be afforded the benefit of all objective information bearing on this closely contested case. It follows that efforts should henceforth be made so that such relevant and important insights find their way into the factual record for purposes of appellate review.

Order affirmed, without costs. Main, J. P., Weiss, Mikoll, Yesawich, Jr., and Levine, JJ., concur.