■ In the Matter of MICHAEL L. VENABLE, Appellant, v MARGARET R. VENABLE, Respondent.—Main, J. P. Appeal from that part of an order of the Family Court of Broome County (Whiting, Jr., J.), entered June 17, 1985, which denied petitioner's application, in a proceeding pursuant to Family Court Act article 6, to modify a previous order awarding the parties joint custody of their minor child.

The parties, who were married in 1982, separated in 1984. The most recent Family Court order in effect at the time that this proceeding was commenced provided that the parties would have joint custody of their minor child, with the child's principal place of residence being with respondent. Petitioner was granted certain visitation rights. Petitioner commenced this proceeding seeking to be awarded sole physical custody of the child. Family Court denied petitioner's application and ordered the continuation of joint custody. This appeal ensued.

The primary consideration in child custody cases is, of course, the best interest of the child (*Friederwitzer v Friederwitzer,* 55 NY2d 89, 93; *Clarke v Clarke,* 101 AD2d 911, 912). Joint custody is appropriate in cases where both parents are relatively stable and amicable and behave in a mature, civilized fashion (*Braiman v Braiman,* 44 NY2d 584, 589-590; *Matter of Sooy v Sooy,* 101 AD2d 287, 288, *affd* 64 NY2d 946). Here, the record clearly indicates that each party loves the child and is able to adequately care for him. Moreover, the joint custody arrangement is apparently working, and there is no indication that the parties are incapable of communicating with one another concerning their child (*cf. Braiman v Braiman, supra,* p 587; *Matter of Bishop v Lansley,* 106 AD2d 732, 733). As for any suggestion by petitioner that certain aspects of respondent's living situation render her unfit to have physical custody of the child, we note only that Family Court's determination was necessarily based upon its evaluation of the testimony, character and sincerity of the parties (*see, Eschbach v Eschbach,* 56 NY2d 167, 173), and that court's finding in such regard is to be accorded the greatest respect (*see, Matter of Yeo v Cornaire,* 91 AD2d 1153, 1154, *affd* 59 NY2d 875). In short, the record provides ample support for Family Court's determination, which was well within its range of discretion (*see, Matter of Gotham v Gotham,* 102 AD2d 981, 982).

Order affirmed, without costs. Main, J. P., Weiss, Mikoll, Yesawich, Jr., and Levine, JJ., concur.