■ JOHN GUARNIER, Respondent, v MARY GUARNIER, Appellant.—Casey, J. Appeal from a judgment of the Supreme Court (Dier, J.), ordering, *inter alia,* equitable distribution of the parties' marital property, entered November 30, 1988 in Warren County, upon a decision of the court.

Defendant contends that Supreme Court erred in finding certain assets to be separate property of plaintiff and not marital property. As to the asset described by the parties as the "Pilot Knob" property, we agree with defendant that their interest in this asset was marital property since it was acquired during the marriage and before the commencement of

the action for divorce *(see,* Domestic Relations Law § 236 [B] [1] [c]; *Brennan v Brennan,* 103 AD2d 48, 51). However, except for contributing one half of the down payment on the property,* defendant made no significant contribution of money, time or labor to the asset. The record establishes that plaintiff paid the parties' entire share of the mortgage payments and maintenance fees during the period that the parties owned an interest in the property. Plaintiff also contributed time and labor in landscaping, renovating and otherwise improving the property.. Since the record establishes that the parties' marriage was not a true economic partnership, we are of the view that the proceeds from the sale of this asset should be distributed in accordance with the parties' relative economic contribution *(see, Kobylack v Kobylack,* 111 AD2d 221). Accordingly, defendant's share in the proceeds is limited to the amount of her contribution toward the down payment, together with interest thereon at a reasonable rate from the date of the purchase to the date of the sale of the parties' interest in the property, plus a pro rata share of the interest earned while the proceeds were held in escrow. In the event that the parties are unable to agree on a reasonable rate of interest, an application should be made to Supreme Court to determine such a rate.

Turning to the marital residence, it was clearly separate property since plaintiff purchased it before the parties were married (Domestic Relations Law § 236 [B] [1] [d] [1]). As to the increase in value of this property during the marriage *(see,* Domestic Relations Law § 236 [B] [1] [d] [3]), the parties' conflicting testimony on the issue of defendant's direct contribution of money, time and labor toward the improvements made to the marital residence presented a question of credibility which Supreme Court resolved in favor of plaintiff. Our review of the record reveals no basis for disturbing the court's ruling on this issue *(see, Lisetza v Lisetza,* 135 AD2d 20, 24). Nor do we find any support in the record for defendant's claim that her efforts as a wife, parent, wage earner and homemaker indirectly enhanced the appreciation of the marital residence.

Defendant also contends that Supreme Court erred in its valuation of a checking account maintained by defendant. Although it appears that the court's figure is incorrect, we are of the view that the error does not require any change in the

---

* The parties purchased a one-third interest in the Pilot Knob property shortly before they separated.

distribution, since the discrepancy amounts to less than 3% of the total marital property distributed by the court, a figure that drops to less than 2% when the proceeds from the Pilot Knob property are included in the marital assets. It is also significant that the court's distribution was not based upon any particular percentage, but instead relied largely upon the parties' practice during their marriage of keeping their financial affairs, including bank accounts and investments, entirely separate.

Next, defendant objects to Supreme Court's award of child support. The court directed plaintiff to pay $60 per week per child, for a total of $120 per week, and directed that both parties share equally in the children's future college expenses; the court further directed that plaintiff is entitled to claim both children as exemptions for Federal and State income tax purposes. We find no support in the record for defendant's claim that the support award is inadequate. In particular, the expenses claimed by defendant for herself and the children are so obviously inflated (they exceed the combined net income of both parties) that they cannot be used as a basis for disturbing the court's award. Nor is there any support in the record for defendant's claim that the children will experience a marked decline from their preseparation standard of living. However, since both parents are wage earners contributing to the support of their children, we are of the view that the tax exemptions should be split evenly, with each party entitled to declare one child as an exemption for Federal and State income tax purposes.

Defendant's final argument is directed at Supreme Court's award of joint custody of the children, but we find no merit in this argument. Despite the marital discord and potential animosity associated with the divorce, the parties have a history of arriving at mutually acceptable agreements regarding their children. They have demonstrated the type of mature and civilized behavior that makes an award of joint custody appropriate (see, Matter of Braiman v Braiman, 44 NY2d 584, 589-590). There is no basis in this record for disturbing the court's determination as to custody (compare, Matter of Venable v Venable, 122 AD2d 374, with O'Connor v O'Connor, 146 AD2d 909, 911).

Judgment modified, on the law and the facts, without costs, by reversing so much thereof as declared the Pilot Knob property to be plaintiff's separate property and granted plaintiff the right to claim both of the parties' children as exemptions for Federal and State income tax purposes; proceeds

from the sale of the Pilot Knob property should be distributed in a manner not inconsistent with this court's decision and each party is granted the right to claim one of their children as an exemption for Federal and State income tax purposes; and, as so modified, affirmed. Mahoney, P. J., Casey, Weiss, Levine and Harvey, JJ., concur.