■ TERRENCE K. CROWE, Respondent, v JUDITH CROWE, Appellant. (Appeal No. 1.)—Appeal unanimously dismissed without costs *(see, Matter of Eric D.* [appeal No. 1.], 162 AD2d 1051). (Appeal from Judgment of Supreme Court, Erie County, Manz, J.—Custody.) Present—Boomer, J. P., Green, Lawton and Davis, JJ.

■ TERRENCE K. CROWE, Respondent, v JUDITH CROWE, Appellant. (Appeal No. 2.)—Order, insofar as appealed from, unanimously reversed on the law without costs and custody of parties' children granted to defendant, in accordance with the following Memorandum: The trial court had jurisdiction over the issue of custody pursuant to Domestic Relations Law § 75-d (1) (d).

We do not agree with the trial court that custody of the minor children should be granted to plaintiff. The record demonstrates that the best interests of the children require that custody be awarded to defendant *(see,* Domestic Relations Law § 240; *Eschbach v Eschbach,* 56 NY2d 167; *Friederwitzer v Friederwitzer,* 55 NY2d 89).

Defendant was the primary caretaker of the children and devoted all of her time to them before the breakup of the marriage. The trial court did not accord any weight to the stability and continuity defendant offered her children by virtue of her role as primary caretaker *(see, Matter of Diane L. v Richard L.,* 151 AD2d 760; *Matter of Moon v Moon,* 120 AD2d 839) and focused instead on the stability that their paternal grandparents and plaintiff's siblings could offer. The fact that plaintiff can offer more material advantages is not controlling because defendant, the less affluent spouse, is capable of providing an adequate home.

Defendant is also available to assume responsibility for the daily care of the children whereas plaintiff's work schedule requires that they be in a day-care center most of the week. "Custody options which allow for the direct care and guidance

of children by a parent rather than by third parties are naturally preferred" *(Jacobs v Jacobs,* 117 AD2d 709, 711; *see also, Lenczycki v Lenczycki,* 152 AD2d 621; *Pawelski v Buchholtz,* 91 AD2d 1200; *Andrews v Andrews,* 74 AD2d 546, *affd* 53 NY2d 787).

A major factor in the court's determination was the fear that defendant might abscond to Germany, her homeland, with the children if she were awarded custody. Defendant has renounced every intention of removing her children to Germany if she is granted custody. While some of her past actions are questionable, defendant should not be denied custody based upon mere speculation or suspicion that she might abscond with the children *(see, Matter of Blank v Blank,* 124 AD2d 1010). However, her past actions do require that some protective measures be taken. Thus, the award of custody to defendant is conditioned on defendant's obtaining a court order in Germany directing that she abide by all orders of Supreme Court, Erie County, with respect to custody, residence and visitation *(see, Lolli-Ghetti v Lolli-Ghetti,* 162 AD2d 198, 199). (Appeal from Order of Supreme Court, Erie County, Manz, J.—Custody.) Present—Boomer, J. P., Green, Lawton and Davis, JJ.