■ In the Matter of FELICIA M. HALL, Respondent, v JAMES J. KEATS, Appellant. (And Two Other Related Proceedings.)— Levine, J. Appeal from an order of the Family Court of Saratoga County (James, J.), entered April 12, 1991, which, *inter alia,* granted petitioner's application, in a proceeding pursuant to Family Court Act article 6, for custody of the parties' child.

The female child who is the subject of this proceeding was born in 1983. Petitioner and respondent, the child's mother and father, were never married but continued to live together with the child for approximately 1½ years. After that the child resided with petitioner, but respondent was afforded a generous visitation. In August 1990, petitioner filed petitions seeking an adjudication of paternity, custody and child support. Respondent admitted paternity and cross-petitioned for custody. A custody investigation by the Probation Department was ordered and an evidentiary hearing was held at which the parties and various witnesses testified. The report of the Probation Department's investigation was received in evidence. Following the conclusion of the hearing, Family Court rendered a written decision awarding custody to petitioner and fixing a visitation schedule. Respondent appeals from the order entered thereon.

On appeal, respondent urges that reversal is required because of the inadequacy of Family Court's findings, the failure of the court to obtain psychological evaluations of the parties and the child, and the absence of a recommendation by the Law Guardian. Respondent further urges that this court grant him custody, contending that the weight of the evidence established that he is better able to satisfy the material, educational and emotional needs of his daughter.

We affirm. It is true that Family Court's decision at best only marginally satisfies the requirements of CPLR 4213 (b) for stating the essential facts upon which it based its award of

custody to petitioner, and appellate review would have been enhanced by a more explicit consideration of the major factors that have been identified as relevant in the proper disposition of a child custody dispute *(see, e.g., Matter of Ostrander v Ostrander,* 150 AD2d 944, 945). Family Court did, however, resolve the most vigorously contested factual issue at the hearing in finding that petitioner was the primary caretaker of the child after the parties separated, despite respondent's testimony that the parents shared physical custody on a virtually equal basis. Family Court also credited petitioner's version of the facts in finding that, until the temporary child support order was made in this proceeding, respondent, although a successful businessman, voluntarily provided only "sporadic, inconsistent and unspecified financial support". There is support in the record for these findings, which are essentially credibility determinations entitled to great deference by an appellate court *(see, Eschbach v Eschbach,* 56 NY2d 167, 173; *Matter of Ostrander v Ostrander, supra).*

The record is sufficiently complete for this court to supplement the foregoing findings and thereby render remittal to Family Court unnecessary in the interest of judicial economy and to avoid further damaging delay in the final resolution of this custody contest *(see, Matter of Arcarese v Monachino,* 58 AD2d 1030, 1031, *lv denied* 42 NY2d 810; *Matter of Thompson v Unczur,* 55 AD2d 818, 819, *lv denied* 42 NY2d 806; *Schwartz v Schwartz,* 52 AD2d 874). The evidence establishes that both parties are fit and loving parents, which is implicit in Family Court's decision and not really disputed in the evidence. Petitioner has clearly demonstrated her conscientiousness in providing proper upbringing, including seeking professional assistance to address the child's behavioral problems manifested during the pendency of these proceedings when the parties' attitudes toward each other became hostile. Whatever deficiencies petitioner may have had from time to time in providing the child with proper clothing and living accommodations are explainable by her financial circumstances after the parties separated when she was receiving inadequate child support. Despite respondent's evidence of petitioner's shortcomings regarding her lifestyle and lax discipline of the child, the testimony adduced by both parties, as well as the report of the probation investigation, essentially established that under petitioner's primary care the child was a normal, happy seven-year-old who was functioning quite satisfactorily in school and, except for her reaction to the custody contest, had adjusted well to the living apart of her parents. Thus here, as

in *Matter of Moon v Moon* (120 AD2d 839), we should uphold Family Court's exercise of discretion in awarding custody to the parent who has heretofore exercised the primary responsibility for the child's upbringing during most of her life. We agree with Family Court's finding that respondent is also a fit, loving and committed parent. He is afforded liberal access to the child under the visitation provisions of the order, including the direction that he be entitled to exercise visitation during the times the mother requires the services of an alternate child care provider.

Since neither party requested that Family Court order psychological examinations, nor claimed that the other parent or the child had serious emotional problems, the testimonial evidence and the probation report were sufficient for a proper determination of custody and the absence of psychological evaluations is not a cause for reversal *(see, Matter of Knauff v Fritz,* 108 AD2d 1081; *cf., Matter of Estrada v Estrada,* 154 AD2d 376, 376-377). While we again express our regret and displeasure in not having the benefit of a report and recommendation from the Law Guardian in the record to aid in our review, this likewise does not require reversal here *(see, Matter of Moon v Moon, supra,* at 840).

Mikoll, J. P., Yesawich Jr., Mercure and Harvey, JJ., concur. Ordered that the order is affirmed, without costs.