Matter of Brian Q. v Allysa R. (2025 NY Slip Op 06765)

Matter of Brian Q. v Allysa R.

2025 NY Slip Op 06765

Decided on December 4, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 4, 2025

CV-23-2348
[*1]In the Matter of Brian Q., Appellant,
v
Allysa R., Respondent. (And Another Related Proceeding.)

Calendar Date:October 7, 2025

Before:Garry, P.J., Lynch, Ceresia, Fisher and Mackey, JJ.

Zink Law Office, Painted Post (Colleen G. Zink of counsel), for appellant.
Lisa K. Miller, McGraw, for respondent.
Andrea J. Mooney, Ithaca, attorney for the child.

Lynch, J.
Appeal from an order of the Family Court of Chemung County (Richard Rich Jr., J.), entered November 2, 2023, which, among other things, partially granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, for custody of the parties' child.
Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the parents of the subject child (born in 2022). The parties lived together with the child at the father's residence in Chemung County until May 2023, when the mother and child moved to the mother's grandparents' home in Pittston, Pennsylvania — approximately 2 to 2½ hours from the father's residence. Shortly thereafter, the father filed a pro se Family Ct Act article 6 petition seeking custody of the child, alleging that the mother's move made "contact with the child difficult." Subsequently, the father, with the assistance of counsel, filed an amended petition seeking joint legal and primary physical custody, claiming that the mother took the child to Pennsylvania over his objection and that the living conditions there were unsafe and unsanitary. The mother filed a cross-petition for joint legal and primary physical custody. Following a fact-finding hearing, Family Court awarded the parties joint legal and physical custody, with the child's time to be split equally between the two states on an alternating weekly schedule.[FN1] The court acknowledged that, when the child reaches school age, a primary physical custodian would need to be determined if the parties continued to live in different states and were unable to reach an agreement. The father appeals, and we affirm.
The father contends that Family Court failed to give sufficient weight to the mother's relocation. "When making an initial custody determination, Family Court's paramount concern is the best interests of the child" (Matter of Christopher MM. v Mackenzie NN., 237 AD3d 1271, 1272 [3d Dept 2025] [citation omitted]; see Matter of Kody O. v Maya P.,227 AD3d 1196, 1196 [3d Dept 2024]). "In conducting a best interests analysis, courts must consider a variety of factors, including the quality of the parents' respective home environments, the need for stability in the child's life, each parent's willingness to promote a positive relationship between the child and the other parent and each parent's past performance, relative fitness and ability to provide for the child's intellectual and emotional development and overall well-being" (Matter of Steven U. v Alisha V., 209 AD3d 1184, 1185 [3d Dept 2022] [internal quotation marks and citations omitted]; accord Matter of Holly P. v George Q.,240 AD3d 1029, 1031 [3d Dept 2025]). "Further, where, as here, an initial custody determination involves one parent who wishes to relocate with the child, the parent's decision to reside in a distant locale is a very important factor among the constellation of factors to be considered in arriving at a best interests determination, particularly where there is evidence [*2]that it would detrimentally affect the other parent's relationship with the child" (Matter of Eldad LL. v Dannai MM.,155 AD3d 1336, 1339 [3d Dept 2017] [internal quotation marks and citation omitted]; accord Matter of Britney A. v Jonathan A.,238 AD3d 1447, 1448 [3d Dept 2025]).[FN2] "Inasmuch as Family Court is in a superior position to evaluate witness credibility, this Court will defer to its factual findings and only assess whether its determination is supported by a sound and substantial basis in the record" (Matter of David JJ. v Verna-Lee KK.,207 AD3d 841, 843 [3d Dept 2022] [internal quotation marks and citations omitted]; see Matter of William Z v Kimberly Z.,212 AD3d 1036, 1038 [3d Dept 2023]).
Initially, we note that the record demonstrates that the mother's decision to move to Pennsylvania with the child was made with the father's full awareness and consent (compare Matter of Carol Q. v Charlie R.,230 AD3d 948, 952-953 [3d Dept 2024]; Matter of Dunaway v Espinoza,23 AD3d 928, 929 [3d Dept 2005]). Although the father encouraged the mother to stay in the area and did later oppose the move, he did not object at that time and even helped her load a heavy piece of furniture into her vehicle. Additionally, despite the considerable distance between the parties' residences, the father has seen the child almost every weekend since the mother moved and has frequent phone and video contact with the child. The parties have reliable transportation and meet at a halfway point to exchange the child. We are cognizant that Family Court had to intervene to fashion a temporary custody schedule after the mother allegedly withheld the child on a couple of occasions, and we find this behavior concerning. However, on this record, we do not find evidence that the mother's relocation has or will detrimentally impact the father's relationship with the child (see Matter of Lonny C. v Elizabeth C.,186 AD3d 950, 954 [3d Dept 2020]; compare Matter of Julie E. v David E.,124 AD3d 934, 937 [3d Dept 2015]; Matter of Rose v Buck,103 AD3d 957, 960 [3d Dept 2013]).
Further, we are satisfied that both parents can provide a safe and loving home for the child in their respective locales (see Matter of Lonny C. v Elizabeth C.,186 AD3d at 953; Matter of Venable v Venable,122 AD2d 374, 374 [3d Dept 1986]).The father owns a three-bedroom residence, has stable employment and has family nearby to assist with childcare. The mother also has stable employment and lives in her grandparents' four-bedroom trailer home [FN3] with the grandparents, her uncle and the uncle's child.[FN4] While the father raised concerns about unsanitary conditions at the mother's residence, we do not find support for this contention in the testimony or photographic evidence (see Matter of Venable v Venable,122 AD2d at 374). Moreover, the father's allegation that the child developed respiratory issues due to pets and secondhand smoke is unsubstantiated and the mother testified that the child's doctor found [*3]no medical indications of such issues (compare Matter of Richard Y. v Vanessa Z.,146 AD3d 1050, 1051 [3d Dept 2017]).
We do find it concerning that the mother withheld information from the father regarding the child's daycare, among other things. However, she has since provided that information and has agreed to share any pertinent information going forward. Further, while the parties have a history of poor and acrimonious communication, it is clear that their relationship has not deteriorated to such an extent that joint custody is untenable (see Matter of Elizabeth B. v Scott B.,189 AD3d 1833, 1835-1836 [3d Dept 2020]; Matter of Patricia RR. v Daniel SS.,172 AD3d 1471, 1472 [3d Dept 2019]). For instance, the parties reported no issues or altercations while exchanging the child. Finally, we are unpersuaded by the father's argument that Family Court erred in failing to consider the testimony of nonparty witnesses. Family Court has considerable discretion to determine the weight and credibility of witness testimony (see Matter of Carol Q. v Charlie R.,230 AD3d at 951), and we discern nothing in the nonparty witness testimony that would compel an alternative determination.
Like Family Court, we recognize that if the parties do not reside in the same state by the time the child reaches school age, the order will need to be modified to declare a primary custodian. However, considering the child's young age at the time of the hearing and the need to foster a relationship with both parents, we conclude that Family Court's determination is supported by a sound and substantial basis in the record.[FN5] To the extent not explicitly addressed herein, we have examined the father's remaining contentions and find them to be unavailing.
Garry, P.J., Ceresia, Fisher and Mackey, JJ., concur.
ORDERED that the order is affirmed, without costs.

Footnotes

Footnote 1: Family Court further declared that the child's home state is New York.

Footnote 2: We note that strict application of the relocation factors set forth in Matter of Tropea v Tropea (87 NY2d 727 [1996]) is not necessary when the court is faced with an initial custody determination (see Matter of Aden HH. v Charish GG.,226 AD3d 1109, 1110-1111 [3d Dept 2024]).

Footnote 3: At the time of the hearing, the mother and child shared a bedroom. However, the mother testified that the child will eventually utilize a spare bedroom.

Footnote 4: The uncle's child resides in the home only on weekends.

Footnote 5: The appellate attorney for the child, substituting judgment due to the child's age, argues that primary physical custody with the father is in the child's best interests. We recognize that the attorney for the child's position is entitled to considerable weight (see Matter of Bradley D. v Andrea D.,144 AD3d 1417, 1419 [3d Dept 2016]) and share in her concerns regarding the short-term nature of this arrangement. However, upon our review of the record, we cannot say that Family Court's determination lacks a sound and substantial basis.