■ JAMES DI STEFANO, Respondent, v MAUREEN DI STEFANO, Appellant. —Order unanimously modified in accordance with memorandum, and, as modified, affirmed, without costs. Memorandum: Respondent wife appeals from an order of Family Court which granted custody of the parties' three infant children to the petitioner husband and granted her visitation privileges at her home from 10:00 A.M. each Saturday to 7:00 P.M. each Sunday, conditioned upon the exclusion from the home of one Nancy Wilson during such visitation periods. Upon the first argument of the appeal, we reserved decision and remitted the matter for further proceedings (see *Di Stefano v Di Stefano,* 51 AD2d 885). The record is now complete. The parties were married in 1964 and are the parents of three children, aged 10, 7 and 5. In 1973 they entered into a written separation agreement which provided detailed arrangements for the joint custody of the children. A divorce was granted to the husband on January 25, 1974 and the decree incorporated the terms of the separation agreement. It quickly became apparent that the joint custodial arrangement was unsatisfactory. This proceeding, in which each party asserts his or her fitness as a parent, was instituted by the husband on May 15, 1974 and was transferred from Supreme Court to Family Court for determination. The record demonstrates that the breakdown of the marriage of the parties was caused primarily by the homosexual relationship which developed between the wife and Nancy Wilson. The wife acknowledges that she is a lesbian and the testimony establishes an ongoing lesbian relationship with Nancy Wilson in the wife's home. Despite the efforts of the wife to raise due process, equal protection and other constitutional questions concerning her claim to sexual privacy free from governmental interference, no such issue is presented for review. Although she is an admitted practicing homosexual, the trial court found that homosexuality, per se, did not render her unfit as a parent. The court made no effort to restrict her preferred sexual activity, although deviate sexual intercourse remains a crime in this State (Penal Law, § 130.38) and similar statutes have been held to be free of constitutional infirmity (see *Doe v Commonwealth's Attorney for Richmond,* 403 F Supp 1199, affd 425 US 901, mot for reh den 425 US 985). In a custody contest between divorced parents,

the court's sole ultimate concern is the best interests of the children (Matter of Ebert v Ebert, 38 NY2d 700; Obey v Degling, 37 NY2d 768; Domestic Relations Law, §§ 70, 240). While the sexual life style of a parent may properly be considered in determining what is best for the children, its consideration must be limited to its present or reasonably predictable effect upon the children's welfare (see Matter of Feldman v Feldman, 45 AD2d 320; Matter of Rodolfo CC. v Susan CC., 37 AD2d 657). Although the broad discretionary power of the nisi prius court in matters of custody is not absolute or uncontrolled (Bunim v Bunim, 298 NY 391), its findings must be "accorded the greatest respect" (Matter of Irene O., 38 NY2d 776, 777). Where the exercise of that discretion is not "opposed to everything presented to the court" (Bunim v Bunim, supra, p 393) and the evidence reasonably substantiates the award of custody, the determination should not be disturbed (see Matter of Darlene T., 28 NY2d 391; Matter of Braitsch v Braitsch, 52 AD2d 1073). Thus the sole issue presented is whether the trial court's award is supported in the record. In that connection, the court heard extensive testimony not only from the parties and several clergymen and other witnesses, but also from two psychiatrists, two psychologists, an anthropologist, a probation officer and a psychiatric social worker. The court's decision reasonably may be read to conclude that the wife's conduct in failing to keep her lesbian relationship with Nancy Wilson separate from her role as a mother has had, and predictably will have, a detrimental effect upon the children. That conclusion is amply supported in the record. It was also proper to establish as a condition of the wife's right of visitation that Nancy Wilson be excluded from contact with the wife and the children during visitation periods. It convincingly appears that Nancy Wilson, who did not testify in the proceeding, made repeated efforts to alienate the children from their father. Where, as here, the court's direction is consistent with the best interests of the children, it is a proper exercise of discretion (see People ex rel. Herzog v Morgan, 287 NY 317; Kresnicka v Kresnicka, 48 AD2d 929). The wife seeks alternative relief in the form of expanded visitation privileges. It appears that aside from the effect upon the children of the life style of the wife in her relationship with Nancy Wilson, she is otherwise a fit parent. In the exercise of discretion and in the interest of justice, the award should be amended to provide that the wife shall have no visitation rights during the month of August each year, but shall have full visitation with the children during the entire month of July each year, not limited to her own home, but conditioned upon the total exclusion of Nancy Wilson from any contact with the wife and children during such visitation. The order should otherwise be affirmed. (Resubmission of appeal from order of Erie County Family Court—custody.) Present—Marsh, P. J., Dillon, Hancock, Jr., Denman and Witmer, JJ.