(Republished)

■ SANFORD S. ASHER, Appellant-Respondent, v ELLEN V. ASHER, Respondent-Appellant. — The order of this court entered herein on January 6, 1981 [79 AD2d 904] is hereby vacated, the memorandum decision filed therewith recalled, and the following memorandum decision substituted therefor: Order, Supreme Court, New York County, entered March 28, 1980, unanimously modified, on the facts and in the exercise of discretion, to strike therefrom the award of temporary custody of the infant child of the parties to the plaintiff-respondent father and to substitute therefor an award of permanent custody to plaintiff-respondent father, to divide the periods of visitation of the child by the parents as equally as may be practicable as to the available time during which the child is not in school, and to strike therefrom the provision requiring consultation between the parties as to the health, education and welfare of the infant child, and to substitute therefor a provision requiring that the father shall generally advise with the mother on the details thereof, and otherwise affirmed, without costs. The history of this case is one of instability on the mother's part. The original expressed intention of the court was to award custody to the mother, changed in midstream upon apparent realization that the trend of the psychiatric evidence would not support such a result. The court's expressions as to the future can only be read in one way: that, upon the

expiration of a year's time, when applications for permanent custody will again be entertained, it is the court's intention to grant permanent custody to the mother. Meanwhile, the father has custody in name only, that is, he has the responsibilities that go with this status, for, practically speaking, the order reviewed requires visitation with the mother during all periods other than the days when the child is in school: every weekend (another Justice did award the father two June weekends), every holiday, the entire summer vacation, except Father's Day! This is not alone unfair to the father, but obviously detrimental to the child's well-being, physical as well as emotional, for the mother now lives in Allentown, Pa., where the visitation takes place. It should be added, though not dispositive, that the child prefers to be with the father. Further, the order does not comport with the expert psychiatric opinion which appears in the record. A psychiatrist retained by each side testified, as would be expected, in favor of the position of the employing party. But a third psychiatrist, selected by the court, recommended, in effect against what the court actually did, but his advice was not followed except in one respect, that the child should have psychotherapy. This is provided, but we are not aware of the extent to which such treatment is helpful in the atmosphere in which the child must live under the instant decree. We perceive no reason why the applications for permanent custody should not have been decided without temporizing for a year. However, on the basis of all the evidence available to Special Term, we are of the firm opinion that it justifies our conclusion that the father should have permanent custody, with liberal visitation, as indicated, to the mother. Of course, implicit in this disposition is the provision that, should a change in circumstances occur, it would provide a basis for an appropriate application for modification of our order. We so find and conclude. Let an order be settled which shall reflect the foregoing and, as to visitation, the agreement of the parties along the indicated lines; should such agreement not be reached within 20 days from publication hereof, the court will accept memoranda on the subject within a reasonable time thereafter. Settle order. Concur — Ross, J. P., Markewich, Silverman, Bloom and Carro, JJ.