■ In the Matter of THOMAS J. SPERANZI, Appellant, v TERRI-JO CLARK, Respondent. — Appeal from an order of the Family Court of Tompkins County (Barrett, J.), entered September 8, 1981, which dismissed petitioner's application seeking an award of sole custody of the parties' two children to petitioner. On March 28, 1980, respondent Terri-Jo Clark was granted a divorce from petitioner Thomas J. Speranzi upon the ground of cruel and inhuman treatment, and incorporated, but not merged, in the judgment of divorce was a separation agreement into which the parties had entered on March 7, 1980. Pursuant to that agreement, the parties were to have joint custody of their two children, Thomas A., born March 29, 1974, and Marie A., born January 13, 1972, with petitioner to have physical custody of the children from September 1 through June 30 of each year and respondent to have such custody from July 1 through August 31 of each year. With these circumstances prevailing on February 19, 1981, petitioner filed an application requesting that he be awarded sole custody of the two children, and following a hearing on the matter, his petition was dismissed. The instant appeal ensued. We hold that the challenged Family Court order should be affirmed. Petitioner voluntarily entered into the separation agreement establishing joint custody and has

failed to demonstrate that there has been a change in circumstances which warrants disturbance of the provisions of that agreement. While respondent has moved to South Carolina and there is apparently some ill-feeling and a lack of communication between the parties, these circumstances do not, on the present record, appear to have rendered the joint custody arrangement unworkable. The children involved are maintaining contact with each of the parties and living part of each year with each party in accordance with the agreement, and under the circumstances presented petitioner has made no showing that it would be in the best interests of the children to alter the present custody arrangement (see *Friederwitzer v Friederwitzer,* 55 NY2d 89). Accordingly, the determination of Family Court should not be disturbed (see *Eschbach v Eschbach,* 56 NY2d 167), and in so ruling, we lastly note that petitioner's challenges to certain evidentiary rulings made by the court at the hearing are lacking in substance. Order affirmed, with costs. Sweeney, J. P., Main, Mikoll, Weiss and Levine, JJ., concur.