■ In the Matter of JOSEPH E. PAYETTE, Respondent, v MARY L. PAYETTE, Appellant. — Appeal from an order of the Family Court of Rensselaer County (Dixon, J.), entered June 25, 1981, which, *inter alia*, awarded custody of the parties' child to petitioner. The parties to this action were married on April 14, 1960. There are three children of the marriage, a son, Joseph, who is emancipated, and Vanessa and Alison who were 18 and 11, respectively, when these proceedings were initiated. On January 12, 1980, the wife sued petitioner for divorce on grounds of cruel and inhuman treatment. A divorce was granted to her which also awarded to her custody of the two daughters, alimony and child support. Thereafter, the parties entered into a voluntary stipulation modifying the terms of the divorce decree which provided for changes in alimony and child support and for division of joint property, and which relieved the husband of payment of the wife's attorney fees. The parties additionally agreed to the continued custody of the children by the wife. The stipulation provided for liberal visitation rights for the husband and for mutual consultation by the parents on questions of the children's health and general welfare. The terms of

the stipulation were incorporated in a court order modifying the judgment of divorce, signed on June 12, 1980. On August 26, 1980, petitioner sought to have custody of Alison Payette granted to him. The basis of the change of custody petition was petitioner's allegation that respondent intended to move to Massachusetts with Alison and that he was better suited than the wife to exercise custody of the child. The record discloses that there exists considerable animosity between the husband and wife, which has increased since the wife began keeping company with another man. The mother is employed on a part-time basis as a beautician and a seller of beauty magazines. At the time of the hearing, the husband worked for Tobin Meat Packing Company. At the conclusion of the custodial hearing, the court awarded custody of Alison to the father. The decision indicated that both parties are clearly fit and caring parents but awarded custody to the father because of his greater rapport with the child. The decision made passing reference to Mrs. Payette's work obligations and personal interest in another man and concluded that that alone would be an insufficient basis on which to base a custody award. It was further held that the best interests of the child require a change in custody. There must be a reversal. We recognize that the law establishes that parents are joint custodians and guardians of their children, that neither parent has a prima facie right to custody (Domestic Relations Law, §§ 70, 240), and that the best interests of a child is the court's primary concern (*Matter of Lincoln v Lincoln,* 24 NY2d 270). Where, as here, no hearing had been previously held on the question of custody, it was entirely appropriate for the court to consider the issue (*Obey v Degling,* 37 NY2d 768). The resolution of the custody issue requires a perceptive and full review of the hearing record. Though the trial court's determination should be accorded special weight and consideration (*Eschbach v Eschbach,* 56 NY2d 167), its discretion is not absolute and may be set aside where it lacks a sound and substantial basis in the testimony. The Family Court grounded its decision on one solitary observation, better rapport of the child with the father (see, e.g., *Friederwitzer v Friederwitzer,* 55 NY2d 89). The decision otherwise makes no findings as to what facts favor the father over the mother. The record, on the other hand, indicates crucial factors favoring a contrary decision. Included are the following: priority of custody in the mother by court order and then by the subsequent voluntary agreement of the father, the good care given the child by the mother and the stability of the present arrangement. Not to be overlooked, in this regard, is the fact that Alison's older sister lives in respondent's household. The child is cared for by her mother or, in her absence, by a mature woman familiar to the child or by the older sister. The child is adjusting to the divorce well. Her school grades continue to improve. She has made new friends. The good rapport she has with her father casts a favorable light on the mother. Despite the personally unpleasant relationship between the parents, the mother has not attempted to subvert the child's affection for her father. The child is on the verge of puberty. Her maturation and its attendant crises will be greatly alleviated by the custodial care of the mother. The record discloses, too, that the mother's work-related absences were minimal at best and, in any event, the child was adequately cared for. The mother's work pattern is not heavy and she has the time and inclination to accord her child necessary attention. On the other hand, the father works an afternoon-to-early-morning shift and would not be at home during the majority of the time the child is home from school. His proposed alternate plans for substitute care do not approximate the present stable and proven adequate conditions. Regarding the fact that the child found the father more agreeable, we note that she was unable to articulate the reasons for such feeling beyond saying that her dad is never mean. It is not at

all unusual for children to delight in the brief visits with a noncustodial parent and to find such parent more pleasant than the custodial parent who must exercise the day-to-day discipline and direction over the child. Finally, although the mother denied any present plan to move to Massachusetts, should this occur, it would not seriously interfere with the child's relationship with her father. The area is about two hours removed from his present home. In the event of such an occurrence, appropriate accommodation could not be made to afford the father adequate visitation rights. Order reversed, on the law and the facts, without costs, and petition dismissed. Mahoney, P. J., Sweeney, Kane, Mikoll and Yesawich, Jr., JJ., concur.