■ In the Matter of THOMAS H. JONES, Appellant, v KAREN A. JONES, Respondent. — Appeal from an order of the Family Court of Delaware County (Farley, J.), entered November 24, 1981, which denied petitioner's application for custody of the child of the parties and awarded joint custody to both parties with primary physical custody to respondent. The parties to this custody proceeding were married in 1972 in Delaware County. In 1974, after the birth of their child, they moved to Ohio. Both parents pursued advanced education there, with petitioner finally completing a divinity degree in the summer of 1979. In August, 1980, with petitioner's consent, respondent and the child returned to the parties' original home community of Walton, where respondent found permanent employment. While the instant proceeding was pending, petitioner found a full-time position as a minister with the United Methodist Church in St. Lawrence County, some four- and one-half hours driving time from Walton. There was more than sufficient evidence to sustain Family Court's factual determination that both parents are fit to provide for the care and supervision of the child. Likewise the evidence of the parties' ability to work co-operatively with one another was sufficient to support an award of joint custody under the circumstances (*Bazant v Bazant*, 80 AD2d 310, 313-314; cf. *Braiman v Braiman*, 44 NY2d 584, 589-590). However, Family Court failed to make the requisite findings to explain why it chose to award the primary physical custody of the child to respondent (CPLR 4213, subd [b]; see Family Ct Act, § 165). The record is sufficiently complete here to permit us to make a determination, and in the interest of judicial economy and to avoid further delay in reaching a final resolution of this custody dispute, we should do so (*Matter of Arcarese v Monachino*, 58 AD2d 1030, 1031; *Matter of Thompson v Unczur*, 55 AD2d 818, 819). We agree with Family Court that under the circumstances presented, the child's best interests dictate an award of custody to respondent mother. We do not overlook the evidence that during the years both parties were pursuing graduate studies, petitioner primarily provided for the day-to-day care of the child, nor that in some respects he had closer emotional ties to the child than respondent. However, respondent demonstrated greater vocational and personal stability and a greater capacity to provide for the child's over-all needs than petitioner, who had displayed some inability to maintain stable employment in his chosen profession. This was why the psychological experts' expressions of preference for him were quite guarded. More importantly, the child, afflicted with a developmental disability, had shown marked improvement in the school and special programs in which respondent had enrolled him since moving to Walton. For these reasons, it would be best not to interrupt the continuity of his physical care and education while in his mother's custody for virtually a year prior to the commencement of the instant proceeding. For all of these reasons, Family Court's award of primary physical custody to respondent should be affirmed. Order affirmed, without costs. Mahoney, P. J., Kane, Casey, Mikoll and Levine, JJ., concur.