■ In the Matter of PAMELA S. MILTON, Respondent, v RICHARD M. DENNIS, Appellant. — Appeal from an order of the Family Court of Broome County (Whiting, Jr., J.), entered July 22, 1982, which denied respondent's application for modification of a prior order and continued custody of the parties' child with petitioner. The parties in this proceeding were married in 1974 and divorced in 1978. The only child of the marriage was born on March 6, 1975. Custody of the child was awarded to petitioner mother and both parties remarried in 1980. In 1982, respondent father sought custody of the child by seeking a modification of Family Court's prior order. Following a hearing, Family Court dismissed respondent's application and continued the prior order awarding custody to petitioner. This appeal ensued. Respondent contends that Family Court failed to comply with its duty to state the facts it deemed essential to its decision (Family Ct Act, § 165; CPLR 4213, subd [b]). Where, however, the record is sufficiently complete, as here, to permit this court to make a determination, we should do so in the interest of judicial economy and to avoid further delay (*Matter of Jones v Jones,* 92 AD2d 632). In the present case, there was no prior agreement between the parties regarding custody. Family Court could, in its discretion, order a change of custody when the totality of circumstances, including the existence of the prior award, warrants such a change in the best interests of the child (*Friederwitzer v Friederwitzer,* 55 NY2d 89). Respondent's principal argument for a change of custody centers around an incident occurring on December 18, 1981. It appears from the record that petitioner's present husband had been drinking alcohol excessively on that date and got into a fight with petitioner; that he had taken the child for a brief car ride while in an intoxicated state; that the police were called and as a result of petitioner's actions on that date, she was charged with reckless endangerment; that petitioner pleaded guilty to the charge and received a conditional discharge which required her to receive marriage counseling; and that petitioner and her present husband were counseled by their pastor. It also appears from the record that this counseling was beneficial to petitioner and her husband and that both respondent and petitioner have a close relationship with the child. In determining the best interest of the child, we are concerned with the totality of the circumstances and not the occurrence of one particular incident that could be termed extraordinary (*Friederwitzer v Friederwitzer,* 55 NY2d 89, 95, *supra*). Based upon our review of the record, including such factors as the care and affection shown; the stability of the respective parents; the atmosphere of the homes; the ability and availability of the parents; the prior award of custody; the possible effect of a custodial change on the child; and the parents' past performance (see *Matter of Saunders v Saunders,* 60 AD2d 701), we are of the view that the totality of the circumstances do not warrant a change of

custody in the best interests of the child. Accordingly, the order of Family Court should be affirmed. Order affirmed, without costs. Sweeney, J. P., Casey, Yesawich, Jr., Weiss and Levine, JJ., concur.