■ In the Matter of JOHN VAN DYCK, Appellant, v SHIRLEY VAN DYCK, Respondent. — Appeal from an order of the Family Court of Saratoga County (Ferradino, J.), entered October 12, 1982, which, *inter alia,* awarded sole custody of the parties' minor child to respondent subject to petitioner's visitation rights. These parties, the parents of a child born April 20, 1977, were married December 15, 1973 and separated in discord in 1980. Temporary custody of the child was awarded to respondent mother by a Schenectady County Family Court order of December 12, 1980, with visitation rights to the petitioner father. On July 22, 1981, a judgment granting both parties a mutual

divorce was granted and, although a February, 1981 stipulation embodying settlement of property, joint custody, support and visitation was incorporated but not merged therein, the decree specifically referred the question of custody to Family Court. Following an extended hearing, Saratoga County Family Court made an order entered October 12, 1982 awarding sole custody to respondent, fixing a visitation schedule, ordering weekly child support of $40 which would be reduced to $20 a week after 20 weeks, and payment of $500 in counsel fees to respondent. Central to this appeal is petitioner's contention that Family Court erred in failing to state, either in its written decision or the order, the facts essential to its decision. Pursuant to CPLR 4213 (subd [b]), where a case is tried before the court without a jury, the trial court's decision, which may be oral or in writing, shall state the facts it deems essential. While the court need not set forth evidentiary facts, it must state ultimate facts; that is, those facts upon which the rights and liabilities of the parties depend (*Matter of Jose L.I.*, 46 NY2d 1024, 1025-1026). This court has recently held such failure precludes effective appellate review and requires that the case be remitted to Family Court for the purpose of rendering a decision stating the facts deemed essential, as required by CPLR 4213 (subd [b]) (*Giordano v Giordano*, 93 AD2d 310, 312). The decision and order which are the subject of this appeal are devoid of any statement setting forth facts upon which the decretal portions are based. We decline to accept respondent's argument that we follow our decision in *Matter of Payette v Payette* (91 AD2d 733) by searching the record to find a rational basis for Family Court's determination. We find *Payette* distinguishable in that the decision and order there, while not fully complete, did include some statement of the facts upon which the determination was made which was sufficient to trigger a review of the record. Decision withheld, and matter remitted to the Family Court of Saratoga County for formulation of findings of fact essential to its decision. Sweeney, J. P., Kane, Casey, Yesawich, Jr., and Weiss, JJ., concur.