■ In the Matter of CYNTHIA COLONE, Formerly Known as CYNTHIA KEYSER, Respondent, v GARY KEYSER, Appellant. — Appeal from an order of the Family Court of Otsego County (Mogavero, Jr., J.), entered December 30, 1982, which denied respondent's motion to modify a prior custody order in favor of petitioner. The parties were married to each other on March 3, 1972. A daughter, Dena, was born to them on April 25, 1973. They were divorced in June of 1976. Custody of Dena was awarded to petitioner mother with visitation rights to respondent father. On May 28, 1977, petitioner married David Colone. In August of 1978, they separated. In July, 1981, they reconciled and have been living together ever since. Under the visitation arrangement in effect at the time the instant application for a change of custody was made and for some time prior thereto, respondent father had the daughter with him three weekends per month, for several weeks during the summer and on certain holidays. Respondent requested that Family Court change the custody of the daughter from petitioner to him or, in the alternative, for an award of joint custody. Family Court denied the relief requested, directed that custody and visitation arrangements be continued as existing and that neither parent remove the daughter from the jurisdiction of Family Court without the court's order. This appeal by respondent ensued. There should be an affirmance. The order of Family Court is amply supported by the record. Respondent has failed to demonstrate that circumstances warrant a change in custody or that a change in custody at this time would be in the best interests of the child. The decision

of Family Court demonstrates that the court properly considered all of the relevant factors before arriving at its determination and there appears to be no reason to disturb its determination (see *Friederwitzer v Friederwitzer,* 55 NY2d 89; *Matter of Payette v Payette,* 91 AD2d 733; *Matter of Speranzi v Clark,* 90 AD2d 877). Respondent's contention that Family Court did not consider the alternative of joint custody is belied by the trial record and the written decision of the court. Order affirmed, without costs. Kane, J. P., Main, Casey, Mikoll and Yesawich, Jr., JJ., concur.