■ JOHN F. GUINAN, Appellant, v CHERYL A. GUINAN, Respondent. — Appeal from an order of the Family Court of Broome County (Coutant, J.), entered March 31, 1983, which awarded the parties joint custody of their three children with primary physical custody to defendant. ¶ The parties were married and have three children, born in 1970, 1972 and 1976. They lived together in Endwell, Broome County, until June of 1981, when plaintiff moved to Philadelphia, Pennsylvania, to pursue a job opportunity. Soon thereafter, the parties agreed to formally separate and executed a written separation agreement providing for joint custody for a period of one year, with physical custody to defendant. The agreement further provided that the parties would negotiate regarding permanent custody and that, should the parties be unable to agree, the matter would be determined by the appropriate court. In September of 1982, plaintiff commenced this action for divorce and for custody of the children. The issue of custody was transferred to Family Court for a hearing. Family Court ordered joint custody with primary physical custody to defendant. Plaintiff appeals. ¶ Initially, plaintiff argues that Family Court failed to adequately set forth the facts supporting its decision to award primary physical custody to defendant. We agree. Family Court found that each parent was devoted to the children and went to great lengths to provide for their needs, and that the children appeared to be happy, healthy, emotionally stable and affectionate toward both parents. Such findings may well support the award of joint custody. However, Family Court failed to make any findings to explain why it chose to award the primary physical custody of the children to defendant other than rejecting one of plaintiff's allegations regarding defendant (see *Matter of Jones v Jones*, 92 AD2d 632; *Matter of Payette v Payette*, 91 AD2d 733, 734). Since the record is sufficiently complete to permit this court to make a determination, we will do so in the interest of judicial economy and to avoid further delay (*Matter of Milton v Dennis*, 96 AD2d 628; *Matter of Jones v Jones, supra*). In so doing, we are cognizant of the principle that appellate courts should be reluctant to substitute their own evaluations of what the evidence dictates in terms of child custody for that of the trial court (see *Eschbach v Eschbach*, 56 NY2d 167, 173). Nonetheless, the trial court's exercise of discretion in making child custody awards must have a sound and substantial basis

in the record examined in light of the best interest of the child (*Matter of Payette v Payette, supra*). ¶ In this case, the evidence indicates that each party is a fit, competent and loving parent. The record reveals numerous reasons to support the award of primary custody to defendant. First of all, the children have been residing with her since June of 1981 and appear to be happy, healthy and emotionally well adjusted. The stability achieved by continuing such custody arrangement is an important factor to be considered (see *Frieder-witzer v Friederwitzer*, 55 NY2d 89, 94). The evidence also indicates that defendant spends a substantial amount of time with the children. While she does participate in some activities on her own such as attending school, the majority of her time revolves around the children. She not only encourages them in their educational and extracurricular activities, but actively partici-pates in such activities. While the evidence indicates that plaintiff also involves himself in the lives of the children, he has a regular job and, if awarded custody, would delegate much of the daily supervision of the children to his mother. It is also relevant, though by no means dispositive, that the two older children expressed a desire to continue to live with defendant and visit with plaintiff. The youngest child was not asked if he had a preference. ¶ The only evidence in the record to detract from an award of physical custody to defendant is testimony offered by plaintiff that defendant had engaged in homosexual relations with other women during the last several years of the marriage, at times in the presence of the children. Conflicting evidence was introduced by the parties regarding whether defendant had engaged in sexual relations with other women, thus creating a question of fact as to this issue. However, whether defendant had sexual relationships with other women is not determinative of this custody dispute. A parent's sexual indiscretions should be a consideration in a custody dispute only if they are shown to adversely affect the child's welfare (*Pawelski v Buchholtz*, 91 AD2d 1200; *Matter of Saunders v Saunders*, 60 AD2d 701; *Matter of Feldman v Feldman*, 45 AD2d 320; *Matter of Rodolfo "CC" v Susan "CC"*, 37 AD2d 657). Specifically, the mere fact that a parent is a homosexual does not alone render him or her unfit as a parent (*Di Stefano v Di Stefano*, 60 AD2d 976). ¶ Here, unlike *Di Stefano*, defendant denied that she ever had any homosexual relationships. More relevant to this action is the testimony of two women that, on several occasions when they were engaged in sexual conduct with defendant, they were inter-rupted by one of the children and that defendant was unconcerned by such interruptions. Sexual conduct between a parent and a stranger to the mar-riage, whether homosexual or heterosexual, which takes place in the presence of the children of the marriage can certainly be held to have an adverse affect on the children. Defendant flatly denied ever having engaged in sexual relations with any women. Defendant also introduced some evidence to im-peach the credibility of plaintiff's witnesses. An issue of credibility was thus presented. Family Court had an opportunity to see the witnesses, observe their demeanor and evaluate their testimony, and it chose not to believe plaintiff's witnesses. Since such decision is reasonable and supported by the record, we decline to disturb it. ¶ Finally, all of the alleged homosexual liaisons charged by plaintiff occurred prior to June of 1981. Defendant has had custody of the children since that time and no evidence was introduced to demonstrate any sort of misconduct on defendant's part since that time. ¶ In our view, the evidence in the record supports Family Court's decision to award joint custody with primary physical custody to defendant. ¶ Order affirmed, without costs. Mahoney, P. J., Weiss, Mikoll, Yesawich, Jr., and Levine, JJ., concur.