LINDA D. GOTTLIEB, Respondent, v RICHARD GOTTLIEB, Appellant.

First Department, April 30, 1985

### APPEARANCES OF COUNSEL

*Iris M. Darvin* for appellant.

*Rita Warner* (*Victor Ngai* with her on the brief), for respondent.

*Sara R. Throne* and *Marsha Levick* of counsel for LAMBDA Legal Defense & Education Fund, Inc., and NOW Legal Defense and Education Fund, respectively, *amici curiae*.

### OPINION OF THE COURT

FEIN, J.

The only issue which divides the court is whether decretal paragraph 12 should be stricken or modified so as to direct that during periods of visitation of the child with the defendant he will not "involve the child in any homosexual activities or publicity". The question is not whether the imposition of this condition has an "unpleasant connotation" as suggested in the dissent. The crucial criterion to be applied is not a critique of the morality of defendant's life-style, but what is best for the child's welfare (*Friederwitzer v Friederwitzer*, 55 NY2d 89). Plainly this seven-year-old child should not be involved in homosexual activities or publicity. So long as defendant acts with discretion and the child is not in any way involved in or exposed to defendant's sexual conduct, this restriction should present no problem, in what the dissent characterizes as a "close" case.

The evidence in the record was sufficient to sustain this limited restriction imposed by the trial court. It would serve no useful purpose to outline the evidence here. It is more than adequate to indicate the possibility that the child might be involved in "homosexual activities or publicity".

The appropriate guide is set forth in *Guinan v Guinan* (102 AD2d 963). In that case, a change of custody was sought by the father, founded upon allegations that the wife had engaged in homosexual relations with other women during the marriage, at times in the presence of the children. There was plainly an issue of fact in that case since the wife denied such conduct. On the basis of the evidence in that case, the court refused to change custody. However, in so doing, it noted (at p 964): "Sexual conduct between a parent and a stranger to the marriage, whether homosexual or heterosexual, which takes place in the presence of the children of the marriage can certainly be held to have an adverse affect [*sic*] on the children."

There is no warrant in this case for imposing a reciprocal condition on plaintiff, as suggested in the dissent. The question is not one of reciprocity. It is rather the child's best interests.

There is sufficient in this case to impose the condition that the child not be involved in any homosexual activities or publicity, while striking the other conditions imposed by the trial court.

Accordingly, the judgment, entered April 7, 1983, Supreme Court, New York County (Hortense Gabel, J., on opn of Henry R. Williams, J.), which dissolved the marriage between the parties, awarded custody of the infant child to plaintiff and awarded visitation privileges to defendant subject to certain restrictive conditions, should be modified, on the law and the facts, and in the exercise of discretion, to strike therefrom decretal paragraphs 10 and 11, and to modify decretal paragraph 12 to read as follows: "ORDERED AND ADJUDGED that during defendant's periods of visitation the child will not be involved in any homosexual activities or publicity", and the judgment should otherwise be affirmed, without costs.

KUPFERMAN, J. P. (concurring). The only issue is custody and visitation for a seven-year-old girl.

The father is an avowed homosexual. We are all agreed that it is the best interest of the child with which the court should be concerned. (*Friederwitzer v Friederwitzer,* 55 NY2d 89.)

The court at Special Term, as part of the judgment, had the following provisions, which we have numbered:

"[8] ORDERED AND ADJUDGED that custody of the child, Samantha Gottlieb, be and the same hereby is awarded to plaintiff; and it is further

"[9] ORDERED AND ADJUDGED that defendant is awarded visitation privileges: (a) at his home, in alternate weeks from 5:00 P.M. Friday to 7:00 P.M. Sunday, and (b) during the entire month of July each year not limited to defendant's home; and it is further

"[10] ORDERED AND ADJUDGED that defendant's visitation privileges at his home are conditioned upon the total exclusion of his lover or any other homosexuals during such visitation periods; and it is further

"[11] ORDERED AND ADJUDGED that defendant's visitation privileges not limited to his home are conditioned upon the total exclusion of his lover and any other homosexuals from any contact with defendant and child; and it is further

"[12] ORDERED AND ADJUDGED that during defendant's periods of visitation the child will not be taken to any place where known homosexuals are present nor will defendant involve the child in any homosexual activities or publicity."

We are all agreed that 8, awarding custody of the child to the mother, should be affirmed, and that 9 covering visitation, should also be affirmed. We are further agreed that 10 and 11 should be excised. Inasmuch as the parties live in the same building, albeit on different floors, the daughter must be fully conversant with the fact that her father has a live-in male lover, and that excluding the lover as a condition of visitation serves no real purpose other than as a punitive measure against the father.

The area in which we differ is with respect to 12, which I would affirm, and which the dissent would excise. The father having advertised in the *Village Voice* for a homosexual relationship, there can be no gainsaying the fact that he may very well be involved in other homosexual activities. It is not proper to subject this child to that possibility.

It is one thing for a girl of this tender age to know of her father's proclivities, and even to adjust to it, it is quite another thing to be part of it.

Understandably, the father's position is supported by an *amicus curiae* brief from LAMBDA Legal Defense & Educational Fund. Strangely, it is also supported by the NOW (National Organization of Women) Legal Defense and Education Fund.

While the similarity to the problem for lesbians detailed in *Di Stefano v Di Stefano* (60 AD2d 976),[*] may certainly arouse their interest, I doubt if the majority of NOW members would object to the provision in 12 above, which the dissent mistakenly would excise from the decree, that the father will not "involve the child in any homosexual activities or publicity."

KASSAL, J. (concurring). I concur in the opinion of Justice Fein.

The father has demonstrated by his past conduct that his sense of values and discretion in regard to his daughter is questionable. It cannot be disputed that a child's sexual maturation and sense of sexual security must be safeguarded so that the child will have a proper identification as to what the parents' role model should be. The child should not be subjected to experiences which will unduly complicate or distort her understanding of her relationship to her parents and others. This applies equally to heterosexual or homosexual activity. She should not be involved in or exposed to any sexual conduct which might affect her emotionally.

Accordingly, I support the restriction imposed upon the father.

SANDLER, J. (dissenting). The issue dividing the court is a quite narrow one, and from a quite reasonable point of view may not merit the amount of concentrated attention that it has received.

We are all in agreement the trial court had an adequate basis for awarding custody to the plaintiff mother. We are also in agreement that in a number of respects the restrictions imposed on the defendant's right to visitation were not justified. The single issue that divides us is whether there is adequate basis for that part of decretal paragraph 12 which directed that during defendant's periods of visitation the defendant will not "involve the child in any homosexual activities or publicity".

It of course goes without saying that a small child should not be involved in sexual activities or publicity of any character, homosexual or heterosexual. We are unable to discern from the record a basis for the assumption that the defendant would expose his child to such inappropriate activities sufficient to justify such a direction. We acknowledge that it was poor judgment for defendant to advertise for a male companion during the last stages of his cohabitation with plaintiff as husband and wife, leaving the apartment phone number as one to be called.

---

[*] *See,* 2 Foster-Freed, Law and the Family § 29:15, at 714-715, 1984 Cum Supp.

This questionable action must be measured against the record as a whole, which is convincing that the defendant is an intelligent, responsible person, devoted to his child, who would not expose her to inappropriate, destructive behavior. The same, of course, is equally true of the plaintiff wife.

We appreciate that the issue before this court is not whether as Trial Judges we would have imposed such a restriction, but rather whether the determination of the trial court is so clearly erroneous as to justify our striking the trial court's order. From this perspective the issue may well be seen as a close one. Nevertheless, given the central reality that we are considering an issue between two worthwhile, responsible, moral people, one of them a homosexual and the other a heterosexual, the unpleasant connotation inherent in the special restriction on one and not on the other seems to us sufficient to justify our deleting this particular restriction precisely as we have all agreed to strike the other restrictions.

KUPFERMAN, J. P., and KASSAL, J., concur with FEIN, J.; KUPFERMAN, J. P., and KASSAL, J., also concur in separate opinions; SANDLER and CARRO, JJ., dissent in an opinion by SANDLER, J.

Judgment, Supreme Court, New York County, entered on April 7, 1983, modified, on the law and the facts, and in the exercise of discretion, to strike therefrom decretal paragraphs 10 and 11, and to modify decretal paragraph 12 to read as follows: "ORDERED AND ADJUDGED that during defendant's periods of visitation the child will not be involved in any homosexual activities or publicity," and the judgment is otherwise affirmed, without costs and without disbursements.