■ ANONYMOUS, Appellant-Respondent, v ANONYMOUS, Respondent-Appellant. (Appeal No. 1.)—Judgment, insofar as appealed from, unanimously modified, on the law and facts, by deleting the award of counsel fees and the conditions imposed upon plaintiff's custody and striking from the ninth adjudging paragraph the sum of $16,911.66 and inserting in place thereof the sum of $18,686.66 plus appropriate interest, and by ordering that defendant surrender his passport during visitation periods, and, as modified, judgment affirmed, without costs, and matter remitted to Supreme Court, Onondaga County, for further proceedings, in accordance with the following memorandum: Plaintiff and defendant were each granted a divorce upon the ground of cruel and inhuman treatment. The court awarded custody of the parties' three-year-old son to plaintiff wife, granted defendant liberal visitation rights and established a visitation schedule to be reviewed in June of 1986.

Defendant, an Algerian national who currently resides in the Washington, D.C. area, claims that the court erred in its award of custody because plaintiff admitted she is bisexual, has a lesbian sexual relationship and is less fit to be the custodial parent.

Since the trial court is in the best position to assess the testimony, observe the conduct and demeanor of the parties and witnesses and resolve credibility, its findings are to be accorded great respect and disturbed only if they lack a sound basis or are contrary to the weight of the credible evidence (*Matter of Ebert v Ebert*, 38 NY2d 700, 703; *Matter of Payette v Payette*, 91 AD2d 733, 734). In the absence of proof that the child has been adversely affected by plaintiff's life-style, the court correctly determined that plaintiff's sexual preferences

do not render her an unfit parent *(Guinan v Guinan,* 102 AD2d 963, 964; *Di Stefano v Di Stefano,* 60 AD2d 976, 977).

The court abused its discretion in imposing conditions on the award of custody which restrict plaintiff's right to maintain her life-style and privacy well beyond that necessary to protect the child from reasonably predictable effects *(see, Gottlieb v Gottlieb,* 108 AD2d 120; *Di Stefano v Di Stefano, supra).* We agree that some condition should be imposed for the child's protection, such as prohibiting the child's presence during, or involvement with, homosexual contact or conduct. The matter is remitted to the trial court for imposition of appropriate and necessary conditions.

In our view, the court also abused its discretion by directing that this three-year-old child be transported between Syracuse, New York, and the Washington, D.C. area every other month. Although visitation with a noncustodial parent should be encouraged, the court's schedule is far too disruptive and not in the best interests of the child *(see, Andrews v Andrews,* 74 AD2d 546, *affd* 53 NY2d 787; *Asher v Asher,* 79 AD2d 904, 962; *Soto v Soto,* 57 AD2d 818). Further, the court should have directed defendant to surrender his Algerian passport during visitation periods. In light of defendant's prior threats to take the child to Algeria and defendant's ability to remove the child on defendant's passport, a temporary surrender of the passport was reasonably necessary to prevent removal of the child *(cf. Janousek v Janousek,* 108 AD2d 782). The visitation issue is also remitted to the trial court for reconsideration in light of this memorandum.

The court's determination that the parties made equal contributions toward the marriage and should, therefore, receive an equal distribution of the assets is supported by the weight of credible evidence. However, the court improperly directed that the value of plaintiff's separate property be satisfied from defendant's share of the marital assets. Separate property should be deducted from the total assets before a distribution of marital property is made.

The court's award of counsel fees must be set aside. It was error to award such fees solely upon a consideration of the relative incomes of the parties in the absence of a finding that plaintiff was incapable of paying her fees without substantially dissipating her assets, and in the absence of a complaint demand for counsel fees and an attorney's affidavit of services *(see, Hallingby v Hallingby,* 110 AD2d 532; *Sementilli v Sementilli,* 102 AD2d 78; *Steinmetz v Steinmetz,* 98 AD2d 657).

We have considered the remaining contentions of the parties and find them to lack merit. (Appeals from judgment of Supreme Court, Onondaga County, Reagan, J.—divorce.) Present—Denman, J. P., Green, Pine, Balio and Schnepp, JJ.