■ DANIEL E. STONE, Respondent, v ALBERTA A. STONE, Appellant.—Order unanimously affirmed without costs. Memorandum: Plaintiff and defendant were divorced and, after a hearing, plaintiff was awarded custody of the one child of the parties, born October 7, 1983. The court failed to set forth adequately the facts supporting its decision to award custody to plaintiff *(see,* CPLR 4213 [b]). Since the record is sufficiently complete to permit this court to make a determination whether the evidence supported the determination of custody, we will do so in the interest of judicial economy *(see, Guinan v Guinan,* 102 AD2d 963; *Matter of Milton v Dennis,* 96 AD2d 628; *Matter of Jones v Jones,* 92 AD2d 632; *cf., Giordano v Giordano,* 93 AD2d 310).

The evidence indicated that plaintiff father was financially better able to care for the child. Plaintiff had been working at Carrier Corporation for 20 years and owned a five-bedroom home as well as rental property. He lived in the home with his girlfriend, her two children, his sister, and the child. Defendant and her boyfriend lived in his three-bedroom trailer with their infant twins and her daughter from a previous marriage. She received public assistance. Her boyfriend, who had worked for a company for six months and earned $8.11 per hour, helped to support the family.

The evidence also established that plaintiff was emotionally better able to care for the child. Under the terms of a separation agreement, the parties had joint custody of the child with primary physical custody with defendant. On one occasion, however, defendant took the child to plaintiff and requested that he care for him because she could not handle

him. On another occasion, defendant requested that plaintiff take the child for a two-month period after she lost her temper with the child and hit him, leaving bruises on his buttocks.

In our view, the evidence in the record supports the trial court's decision to award custody to plaintiff. (Appeal from order of Supreme Court, Onondaga County, Mordue, J.—custody.) Present—Denman, J. P., Boomer, Pine, Davis and Lowery, JJ.