■ In the Matter of BYRON K., an Infant. CHARLES L., Appellant. (And Another Related Proceeding.) [614 NYS2d 769] —Crew III, J. Appeals (1) from an order of the Family Court of Albany County (Maney, J.), entered August 2, 1993, which

dismissed petitioner's applications, in two proceedings pursuant to Domestic Relations Law article 7, for adoption of two minors, and (2) from an order of said court, entered December 29, 1993, which denied petitioner's motion for reconsideration.

In May 1992, petitioner filed separate petitions seeking to adopt two children, Wolfgang (born in January 1985) and his brother, Byron (born in September 1987). A hearing was held at which petitioner and his partner appeared and testified, and reports were received from the children's Law Guardian and the local adoption service. No party opposed the adoption and all parties involved recommended that petitioner's applications be granted. Family Court, however, denied petitioner's applications finding, *inter alia,* that a single-parent adoption required a demonstration of exceptional circumstances and that such a showing had not been made on this record. Petitioner's motion for reconsideration was denied and these appeals ensued.

There must be a reversal. Initially, we note that not only does Domestic Relations Law § 110 expressly permit an adoption by an "adult unmarried person", but the relevant regulations prohibit adoption agencies from considering marital status in accepting or rejecting an application for adoption or from establishing policies that would place single or divorced applicants at a disadvantage *(see,* 18 NYCRR 421.16 [d]). Additionally, Domestic Relations Law § 110 does not require that an "adult unmarried person" demonstrate extraordinary circumstances before being allowed to adopt a child and, to the extent that *Matter of Anonymous* (NYLJ, Jan. 9, 1991, at 1, col 3) suggests otherwise, we believe that it is contrary to the statute and decline to follow it.

Based upon our review of the hearing testimony and the relevant reports, we are of the view that petitioner's applications should have been granted. In reaching this conclusion, we reject Family Court's finding that the relevant recommendations were predicated upon both petitioner and his partner serving as parents for the children. Although the record indicates that petitioner's partner intended to act as a co-parent and was evaluated as part of the home study performed in accordance with the relevant regulations *(see, e.g.,* 18 NYCRR 421.15 [d] [8]; [e] [1]), the pertinent reports clearly recognize petitioner as the sole applicant for adoption and recommend approval of his application on that basis. Additionally, the record reveals that the children, both of whom have special needs, have made great strides since becoming members of petitioner's family.

Mikoll, J. P., Mercure, Yesawich Jr. and Peters, JJ., concur. Ordered that the orders are reversed, on the law, without costs, and petitions granted.