■ In the Matter of PAUL C., Appellant, v TRACY C., Respondent. [622 NYS2d 159] —Order unanimously affirmed without costs. Memorandum: The parties were married in December 1986. Two children were born of the marriage, Jon in 1988 and Paul in 1990. In May 1993 petitioner father left the marital residence and shortly thereafter petitioned Family Court for custody of the children. After a hearing, the court granted custody of the children to respondent mother with liberal visitation rights to petitioner.

The contention of petitioner that the court erred in failing to order a psychological or social evaluation of the parties is without merit. The decision whether to direct a psychological or social evaluation in a child custody dispute is within the sound discretion of the court *(see, Kesseler v Kesseler,* 10 NY2d 445, 452; Family Ct Act § 251). Neither the parties nor the Law Guardian requested a psychological evaluation and there is nothing in the record to indicate that the children "displayed emotional problems which would make the assistance of psychological experts necessary" *(Mascoli v Mascoli,* 132 AD2d 653, 654; *see, Matter of Clark v Dunn,* 195 AD2d 811, 814; *cf., Giraldo v Giraldo,* 85 AD2d 164).

We reject the further contention of petitioner that the representation of the children by the Law Guardian was inadequate because he failed to request a psychological or social evaluation of the parties and did not call witnesses at the custody hearing. It is within the discretion of the Law Guardian whether to call witnesses at a custody hearing or request professional evaluations and the determination whether that discretion has been abused depends upon the attending facts and circumstances *(see generally,* NYSBA Comm on Juvenile Justice and Child Welfare, Law Guardian Representation Stds [Jan. 1994]; Departmental Advisory

Comm on Fourth Dept, Guidelines for Counsel for the Child in Custody and Visitation Proceedings [Apr. 21, 1992]). The conscientious investigation of the Law Guardian, his conduct at trial, and his thorough report to the court all establish that he actively participated in the proceedings and zealously represented the children.

Finally, we reject the contention of petitioner that the grant of custody to respondent is against the weight of the evidence. The determination of the hearing court, which is in the best position to evaluate the character and credibility of the witnesses, must be accorded great weight *(Matter of Louise E. S. v W. Stephen S.,* 64 NY2d 946, 947; *Devlin v Devlin,* 193 AD2d 1130). The court carefully weighed and considered the appropriate factors in determining that custody to respondent was in the children's best interests *(see, Eschbach v Eschbach,* 56 NY2d 167, 172; *Friederwitzer v Friederwitzer,* 55 NY2d 89). Contrary to petitioner's contention, there is no indication in the record that the relationship of respondent with her co-worker had a negative impact on the children. Where a parent's sexual preference does not adversely affect the children, such preference is not determinative in a child custody dispute *(Anonymous v Anonymous,* 120 AD2d 983, 984, *appeal dismissed* 68 NY2d 808; *Guinan v Guinan,* 102 AD2d 963, 964; *DiStefano v DiStefano,* 60 AD2d 976, 977). Moreover, the court adequately addressed petitioner's concerns regarding the conduct of respondent and her co-worker. (Appeal from Order of Jefferson County Family Court, Schwerzmann, J.—Custody.) Present—Denman, P. J., Green, Fallon, Callahan and Boehm, JJ.