■ In the Matter of Adoption of ANONYMOUS. PATRICIA L. D., Appellant; HERKIMER COUNTY ATTORNEY, Respondent. [621 NYS2d 962] —(Appeal No. 1.)—Appeal unanimously dismissed without costs (see, Loafin' Tree Rest. v Pardi [appeal No. 1], 162 AD2d 985). (Appeal from Order of Herkimer County Family Court, Kirk, J.—Certification as Qualified Adoptive Parent.) Present—Denman, P. J., Green, Fallon, Callahan and Boehm, JJ.

■ In the Matter of Adoption of ANONYMOUS. PATRICIA L. D., Appellant; HERKIMER COUNTY ATTORNEY, Respondent. (Appeal No. 2.) [622 NYS2d 160] —Order reversed on the law without costs and petition granted. Memorandum: Petitioner brought a petition in Family Court seeking certification that she is a qualified adoptive parent in a private placement adoption. Following a home study, an adoption coordinator and a certified social worker from Saratoga Home Services concluded that petitioner possessed "the requisite moral, emotional, material and intellectual abilities to be an effective parent." The court received 11 letters of recommendation in support of petitioner's certification that further supported the home study's conclusion. The petition was unopposed. The court denied the petition on the ground that the adoptive child "in reality" would also be the adoptive child of an unmarried adult with whom petitioner resides. The court granted petitioner's "request to renew" and, after a hearing, again denied the petition.

We reverse and grant the petition. There is no bar to the adoption of a child by a single unmarried adult (see, Domestic Relations Law § 110; Matter of Byron K., 206 AD2d 642). Further, an application for adoption may not be precluded solely on the basis of homosexuality (18 NYCRR 421.16 [h] [2]). The record supports the conclusion that petitioner is a qualified adoptive parent. There is no indication that petitioner's certification as an adoptive parent would not be in the child's best interests (see, Matter of Evan, 153 Misc 2d 844). In the context of child custody cases, we have held that a parent's sexual orientation, if it does not adversely affect the children, is not determinative (see, Matter of Paul C. v Tracy C., 209 AD2d 955 [decided herewith]; Anonymous v Anonymous, 120 AD2d 983, 984, appeal dismissed 68 NY2d 808; Di Stefano v Di Stefano, 60 AD2d 976, 977).

All concur except Callahan, J., who dissents and votes to affirm. (Appeal from Order of Herkimer County Family Court, Kirk, J.—Renewal.) Present—Denman, P. J., Green, Fallon, Callahan and Boehm, JJ.