■ In the Matter of JOHN McAULEY, Respondent, v FAITH MARTIN, Appellant. [807 NYS2d 255]—

Appeal from an order of the Family Court, Cattaraugus County (Lynn L. Hartley, J.H.O.), entered July 15, 2004 in a proceeding pursuant to Family Court Act article 6. The order, inter alia, awarded the parties joint custody of their child.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by providing that the parties are awarded joint legal custody of their child, by awarding primary physical placement to respondent and secondary physical placement to petitioner and by vacating the second through sixth ordering paragraphs and as modified the order is affirmed without costs, and the matter is remitted to Family Court, Cattaraugus County, for further proceedings in accordance with the following memorandum: Respondent appeals from an order awarding the parties joint legal and physical custody of their child, who was born in February 2003. We agree with respondent that it is not in the child's best interests to reside with petitioner in North Carolina during the odd months of the year and with respondent in New York during the even months of the year (*see Anonymous v Anonymous*, 120 AD2d 983, 984 [1986], *appeal dismissed* 68 NY2d 808 [1986]; *see also Soto v Soto*, 57 AD2d 818 [1977]). Our authority is as broad as that of Family Court in matters of custody (*see Matter of Louise E.S. v W. Stephen S.*, 64 NY2d 946, 947 [1985]; *Matter of Gabriela*, 283 AD2d 983, 984 [2001], *lv denied* 96 NY2d 721 [2001]), however, and we agree with the recommendation of the Law Guardian that it is in the child's best interests to award primary physical placement of the child to respondent, with "secondary physical placement" to petitioner (*see generally Eschbach v Eschbach*, 56 NY2d 167, 172-173 [1982]; *Fox v Fox*, 177 AD2d 209, 210-211 [1992]). In reaching our determination, we have considered factors that include the disruption to the child of alternating households by month, the great geographical distance between the parties' residences, the young age of the child, the child's medical needs, the separation of the child

from his half sister every other month, the need to alter the custody arrangement when the child enters the school system, and the parties' respective financial situations. We further agree with the Law Guardian's recommendation that the "secondary physical placement" with petitioner should be comprised of liberal visitation to him. We therefore modify the order by providing that the parties are awarded joint legal custody of the child and by awarding primary physical placement to respondent and secondary physical placement to petitioner. We further modify the order by vacating the second through sixth ordering paragraphs, and we remit the matter to Family Court to determine visitation following a further hearing, if necessary (*see generally Matter of Lattuca v Natale-Lattuca*, 293 AD2d 805, 807 [2002]; *Anonymous*, 120 AD2d at 984). Finally, contrary to the contention of respondent, she received meaningful representation (*see generally People v Baldi*, 54 NY2d 137, 147 [1981]). Present—Hurlbutt, J.P., Scudder, Gorski, Martoche and Smith, JJ.