In the Matter of CHRISTIAN M. WELCH, Respondent, v AMY E. WELCH, Appellant. (And Another Related Proceeding.) [834 NYS2d 555]—

Lahtinen, J. Appeal from an order of the Family Court of Tioga County (Sgueglia, J.), entered December 28, 2005, which, inter alia, partially granted petitioner's application, in two proceedings pursuant to Family Ct Act article 6, for custody of the parties' child.

The parties are the married parents of a daughter, born in July 2003. They separated and various proceedings ensued, including petitioner (hereinafter the father) seeking custody and respondent (hereinafter the mother) also seeking custody and permission to relocate with the child to near Baltimore, Maryland. Following a hearing, Family Court found that the mother had satisfied her burden to justify the move and noted that the father (whose business ventures had resulted in an unreliable history of providing income) had, in fact, assisted her in obtaining a job in the Baltimore area. The court further concluded, consistent with a position taken by the Law Guardian, to award joint physical and legal custody, with no principal residence of the child. The court directed that the child would alternate every two weeks between the mother and father, a distance of about 250 miles each way estimated to take four to five hours to drive. The court added that such arrangement would cease in three years when the child was old enough to start school. The mother appeals, arguing that she should have been awarded primary physical custody and legal custody.

"When making an initial custody determination, [the court] is required to consider the best interests of the child by reviewing numerous factors, including each parent's home environment and each parent's relative fitness and ability to provide for the child's future well-being" (*Matter of Tompkins v Holmes*, 27 AD3d 846, 847 [2006] [citations omitted]; *see Eschbach v Eschbach*, 56 NY2d 167, 171-172 [1982]). Our authority on review is as broad as Family Court's (*see Matter of Louise E.S. v W. Stephen S.*, 64 NY2d 946, 947 [1985]), although we generally defer to the trial court's factual findings because of its op-

portunity to view the witnesses (*see Matter of Eck v Eck*, 33 AD3d 1082, 1083 [2006]). As a practical matter, custody or visitation arrangements that result in frequent, long-distance shuttling of a child tend more to placate parental desires than serve the stability and best interests of a child (*see Matter of McAuley v Martin*, 24 AD3d 1254, 1254-1255 [2005]; *Matter of Lattuca v Natale-Lattuca*, 293 AD2d 805, 807 [2002]; *Anonymous v Anonymous*, 120 AD2d 983, 984 [1986], *appeal dismissed* 68 NY2d 808 [1986]).

Initially, we note that it is clear that both parents love the child and the child loves both parents. Family Court's oral decision, rendered immediately after the hearing, confirms such fact, but, unfortunately, the court provided virtually no other discussion of pertinent considerations. Review of the record reveals that the father is living with his parents in Tioga County. His business ventures have not been successful despite significant financial support from the mother's family. The mother left a stable job at Cornell University at the father's insistence to help his ventures and, indeed, such fact led to her eventually having to take a job in Maryland because no local jobs were available when she returned to the work force.

The parties previously resided in Maryland, and the mother has a support network of family and friends there. Her job at Johns Hopkins University is stable, affords a good salary and includes potential significant educational advantages for the child. She has rented an apartment suitable for herself and the child in a desirable neighborhood, and she researched appropriate daycare and preschool for the child. The father indicated that, after several years of virtually no income, his business is starting to be profitable. The nature of the business is such that he has geographical flexibility, as reflected by his earlier attempts at a similar computer-based enterprise while living in Florida and Maryland. He acknowledged that he could move his business to other cities and that his potential customers are from throughout the United States.

While decisions regarding child custody are rarely easy and this one is difficult, review of the record reveals that the mother should be awarded primary physical custody with liberal visitation for the father. The short duration visitation schedule established by Family Court (which necessarily soon comes to an end) is also vacated, and one should be put in place that will be consistent with the school schedule that the child starts in a little over a year. Thus, she will have some time to adjust to the new visitation schedule before beginning school. We remit the matter to Family Court to fashion appropriate visitation consis-

tent with this decision and, if necessary, to conduct a further hearing on such issue (*see Matter of McAuley v Martin, supra* at 1255).

We are not persuaded that the granting of joint legal custody should be changed. Although the parties had considerable communication difficulties early in these proceedings, their ability to cooperate improved significantly and there is a "sound and substantial basis in the record to support the conclusion that the parties' interaction here has not been so acrimonious that they are incapable of putting aside their differences" (*Matter of Reed v Bernhardt*, 33 AD3d 1160, 1161 [2006] [internal quotation marks and citations omitted]).

Peters, J.P., Mugglin and Rose, JJ., concur. Ordered that the order is modified, on the law and the facts, without costs, by reversing so much thereof as awarded joint physical custody with no principal residence of the child and set alternating two-week visitation; award primary physical custody to respondent and matter remitted to the Family Court of Tioga County for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.