# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**354**
**CAF 09-02015**
PRESENT: SCUDDER, P.J., CENTRA, SCONIERS, GORSKI, AND MARTOCHE, JJ.

---

IN THE MATTER OF RUTH M. CHAPPELL,
PETITIONER-RESPONDENT,

V                                                        MEMORANDUM AND ORDER

BRUCE C. DIBBLE, RESPONDENT-APPELLANT.

---

SCHLATHER, STUMBAR, PARKS & SALK, ITHACA (DAVID M. PARKS OF COUNSEL),
FOR RESPONDENT-APPELLANT.

JASON J. BOWMAN, ATTORNEY FOR THE CHILD, ONTARIO, FOR RICHARD D.

---

Appeal from an order of the Family Court, Ontario County (James R. Harvey, J.H.O.), entered September 4, 2009 in a proceeding pursuant to Family Court Act article 6. The order, inter alia, modified the parties' judgment of divorce by awarding primary physical custody of the parties' child to petitioner.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Respondent father appeals from an order modifying the prior judgment of divorce by awarding primary physical custody of the parties' child to petitioner mother and visitation to the father. We conclude at the outset that Family Court had jurisdiction over this proceeding because the initial custody determination was made by a court of this State, i.e., Supreme Court, as part of the judgment of divorce (*see* Domestic Relations Law § 76-a [1]). We further conclude that the exceptions set forth in Domestic Relations Law § 76-a (1) do not apply under the circumstances here. Contrary to the father's contention, the court was not required to decline to exercise its jurisdiction based on any unjustifiable conduct of the mother (*see* § 76-g [1]).

With respect to the merits, we conclude that the court was in the best position to evaluate the character and credibility of the witnesses, and we accord great weight to the court's determination regarding custody (*see Matter of Paul C. v Tracy C.*, 209 AD2d 955). The court weighed the appropriate factors in determining that modification of the judgment by awarding primary physical custody to the mother was in the best interests of the child, and that determination has a sound and substantial basis in the record (*see*

*Matter of Jones v Houck*, 280 AD2d 969).

Entered:  March 25, 2011                    Patricia L. Morgan
                                            Clerk of the Court